Gary L. RYAN, Appellant

v.

BUREAU OF ALCOHOL, TOBACCO
AND FIREARMS.

No. 82–2092.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 21, 1983.

Decided Aug. 23, 1983.

As Amended Aug. 23, 1983.

Gary L. Ryan, Washington, D.C., pro se.

William H. Briggs, Jr., Asst. U.S. Atty., with whom Stanley S. Harris, U.S. Atty., Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before WALD, GINSBURG and SCALIA, Circuit Judges.

Opinion for the Court filed by Circuit Judge SCALIA.

Dissenting opinion filed by Circuit Judge WALD.

SCALIA, Circuit Judge:

Appellant, under the Freedom of Information Act, 5 U.S.C. § 552 (1976), requested from the Bureau of Alcohol, Tobacco and Firearms "the current list of liquor bottle manufacturers who have filed a notice of intent to engage in the manufacture of domestic liquor bottles on Form 4328 under 27 C.F.R. § 173.32." Appendix (App.) 6, 15. That Form requires, in addition to the statement of intent to manufacture, the name and address of the filer, the location of the manufacturing premises, and the materials to be used. The Bureau denied appellant's request, claiming that the requested information was specifically exempted from disclosure by 26 U.S.C. § 6103 (1976 & Supp. V 1981), and therefore covered by Exemption 3 of the Freedom of Information Act, 5 U.S.C. § 552(b)(3).[1] App. at 16. Appellant's administrative appeal was unsuccessful, *id.* at 20, and he brought this action in district court under 5 U.S.C. § 552(a)(4)(B) to compel disclosure. The district court found that the bottle manufacturer registration requirement was "designed to provide information for ascertaining tax liability" and that, as a result, the information appellant requested was "return information" as defined in 26 U.S.C. § 6103(b)(2)(A) and exempt from disclosure. The court granted the Bureau's motion to dismiss appellant's complaint. *Ryan v. BATF,* Civ. No. 82–0292 (D.D.C. Sept. 7, 1982). We affirm the district court, though we base our conclusion that the information reported was "return information" upon a somewhat different ground.

There is no federal tax on the manufacture of liquor bottles, but there is on the production of liquor. The regulation prescribing Form 4328 was issued pursuant to 26 U.S.C. § 5301 (1976 & Supp. V 1981), which gives the Secretary of the Treasury authority, in order "to protect the revenue," to regulate various aspects of the manufacture, distribution and use of liquor bottles. *See generally* 26 U.S.C. § 5001 *et seq.* (1976 & Supp. V 1981). The original purpose of the Form was to identify bottle manufacturers, enabling assurance of their compliance with record-keeping and other requirements that would ultimately assist in determining how many bottles liquor producers had purchased and hence (since liquor was required to be packaged in bottles made by registered bottlers) how much liquor they had produced. Before filing of this appeal, Form 4328—as well as much of the administrative scheme seeking to control the avoidance of federal tax on alcohol production through bottling controls—was abolished. *See* 47 Fed.Reg. 43,944 (1982) (eliminating 27 C.F.R. Part 173). The issue remains, however, whether material previously furnished on Form 4328 is exempt from disclosure under the Freedom of Information Act because it is "specifically exempted from disclosure," 5 U.S.C. § 552(b)(3), by the confidentiality provisions of the Internal Revenue Code, 26 U.S.C. § 6103 (1976 & Supp. V 1981). We set forth in the margin those portions of § 6103 pertinent to that determination.[2]

---

1. Exemption 3 reads:
   This section does not apply to matters that are—...
   (3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;
   Appellant concedes that 26 U.S.C. § 6103 is the type of statute to which Exemption 3 applies.

Appellant's Brief at 7. *See Moody v. IRS,* 654 F.2d 795 (D.C.Cir.1981).

2. § 6103. Confidentiality and disclosure of returns and return information
   (a) General rule
   Returns and return information shall be confidential, and except as authorized by this title—
   (1) no officer or employee of the United States ... shall disclose any return or return information obtained by him in any manner in connection with his service as such an

Section 6103(a) provides that "[r]eturns and return information shall be confidential." "Return information," as defined in § 6103(b)(2)(A), includes, among other things, "a taxpayer's identity," at least if it is "received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return." [3] A "return" is any "tax or information return . . . required by, or provided for or permitted under, the provisions of [Title 26] which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto." 26 U.S.C. § 6103(b)(1).

We think that Form 4328 is an "information return" within the meaning of this last provision. Though that term is not defined in the statute,[4] it must include a document such as Form 4328, designed to provide information for the protection of

revenue, and required, under the authority of the Internal Revenue Code pursuant to implementing regulations, to be filed on a standardized form, signed by the filer under penalty of perjury. That the statutory or administrative designation of the document as an "information return" is not the governing factor is demonstrated by the character of some of the information returns described in Part III of Subchapter A of Chapter 61 of the Code, 26 U.S.C. §§ 6031–6060 (1976 & Supp. V 1981).[5] These include "reports" providing information about "the funding method and actuarial assumptions used to determine costs under [certain deferred compensation] plan[s]," 26 U.S.C. § 6059; "registration statements" providing information about the administrator and participants of certain deferred compensation plans, 26 U.S.C. § 6057; and "notices of qualification" required to be filed

---

officer or an employee or otherwise or under the provisions of this section . . . .
(b) Definitions
For purposes of this section—
(1) Return
The term "return" means any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.
(2) Return information
The term "return information" means—
(A) A taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, over-assessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, . . .
but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer . . . .
(3) Taxpayer return information

The term "taxpayer return information" means return information as defined in paragraph (2) which is filed with, or furnished to, the Secretary by or on behalf of the taxpayer to whom such return information relates
. . . .
(6) Taxpayer identity
The term "taxpayer identity" means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof.

3. It is unclear whether this latter phrase in § 6103(b)(2)(A) modifies the term "a taxpayer's identity" or only modifies the later term "any other data." For purposes of this opinion we assume, without deciding, that the former is the case.

4. A "tax return" is a return filed by the person liable for the tax to which the return information relates. See § 6103(b)(1) and (3).

5. Contrary to what is intimated in the dissent, Dissent, p. 1, this part of the Code cannot possibly be considered an all-inclusive listing of information returns. One of its provisions, § 6652, entitled "Failure to file certain information returns, registration statements, etc.," refers (in subsection (i)) to "information returns with respect to alcohol . . . taxes" (which is, as it happens, what we hold the present Form to be). 26 U.S.C. § 6652 (1976 & Supp. V 1981). Since *no* alcohol tax information returns or forms are referred to in §§ 6031–6060, that Part cannot be an exclusive catalogue.

by executors and receivers, 26 U.S.C. § 6036. (The last of these is quite similar in nature and effect to the "notice of intent to manufacture" at issue in the present case.) As suggested above, we think the proper test of "information return" status looks to the formality of the document and the standardized requirement of its filing. On that basis, Form 4328 qualifies.

■ Since Form 4328 is an information return, the Bureau is prohibited from disclosing any of the "return information" which it contains, specifically including the "taxpayer's identity," which is defined in § 6103(b)(6) to mean the name, mailing address, taxpayer identifying number, or any combination thereof, of a person with respect to whom a return is filed.[6] The return at issue here provides information regarding no other person except the filer of the return, so it is inconceivable that he is not "a person with respect to whom [the] return is filed." All of the information appellant requested therefore constitutes "return information" and cannot be disclosed.

The appellant argues that the Form was not really useful in determining tax liability. Appellant's Brief at 14–17. That might form the basis for an attack upon the broader ground of decision which the district court used—that is, that the information in question was "data ... with respect to the determination of the existence ... of liability ... of any person ... for any tax," § 6103(b)(2)(A). But the usefulness of the information cannot possibly affect its character as "taxpayer's identity."

■ The final clause of § 6103(b)(2) limits the definition of "return information" as follows:

such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer ....

*See generally Neufeld v. IRS,* 646 F.2d 661 (D.C.Cir.1981). It could be argued that the word "taxpayer" in this provision should be deemed to refer not (as we hold) to any person with respect to whom information is received, but rather only to a person whose potential tax liability is the subject of the Secretary's interest. Besides the fact that this interpretation would needlessly give the word "taxpayer" a meaning different from that used in the phrase "taxpayer's identity" earlier in the same subparagraph, it would produce results extremely unlikely to have been intended. It would mean, for example, that information gathered by the Secretary with respect to the earnings of a minor, in order to determine the tax liability not of the minor but of the parent claiming a deduction on the basis of contributing more than half of the minor's support, *see* 26 U.S.C. §§ 151, 152 (1976 & Supp. V 1981), would enjoy none of the confidentiality protections of the Code. The interpretation we have adopted precludes such a result—though it does not, we may note, necessarily require protection of the identity of a person (such as a bank) who files an information return *with respect to another party.* We hold only that when an information return is filed with respect to oneself, the filer's identity is entitled to the statutory protections.

Several points raised by the dissent require our response:

(1) The dissent disagrees with our finding that Form 4328 is an information return, arguing that the term "information return" in the Code is a "statutory term of art" that refers exclusively to "returns from the sources of a taxpayer's income." Dissent, p. 650. It seems to us that the dissent reaches this conclusion by attempting to convert an administrative truism into an interpretive insight. It is *of course true* that almost all standardized, formalized reports are sought either from those who

---

6. Although § 6103(b)(2)(A) uses the term "taxpayer's identity," while the definition of § 6103(b)(6) applies to "taxpayer identity," the two terms are used in § 6103 synonymously. *See* 26 U.S.C.A. § 6103(i)(2)(C) (West Supp. 1983), captioned "Taxpayer identity," which provides that "[f]or purposes of this paragraph [concerning disclosure of return information to federal officers for use in criminal investigations] a taxpayer's identity shall not be treated as taxpayer return information." To the same effect, *see id.* § 6103(i)(3)(A)(ii).

have received income (tax returns) or from those who have conferred it. The Treasury would rarely find it useful to collect tax-related information, on a regular basis, from any other source. (Indeed, it found the present rare exception so unavailing that it has abolished it.) That may have much to do with the common image that the phrase "information return" summons up in the minds of "tax commentators," Dissent, p. 1. But it has nothing to do with the meaning which that phrase should be assigned in a statutory provision designed to preserve confidentiality. If and when (however rarely) "information" is demanded on a formal and standardized basis from persons other than the recipients or sources of income, we are at a loss to conceive of any reason why Congress would conclude, *ipso facto,* that a lesser degree of protection should apply. We therefore decline to import into the statutory term "information return" a limitation which neither natural meaning nor statutory text suggests.

(2) The dissent's main point of disagreement, however, centers on the construction of the term "taxpayer identity" (defined in § 6103(b)(6)) and the phrase "identify . . . a particular taxpayer" (used in the proviso in § 6103(b)(2) that denies confidential status to any data—such as Internal Revenue Service statistical reports—that cannot be associated with or identify a particular taxpayer). It would construe the term "taxpayer identity" not to include the names and addresses of the liquor bottle manufacturers at issue here unless they in turn would identify a "particular liquor manufacturer taxpayer," Dissent, p. 651.

The dissent *purports* to reach this result by interpreting the phrase "the name of a person with respect to whom a return is filed" (in the definition of "taxpayer identity") to mean "the name of the taxpayer with respect to whom a return is filed." To do so, it is necessary to ignore the statutory use of "a person" instead of "the taxpayer," in a section of the Code which is otherwise replete with references to "the taxpayer"— including the phrase "the *taxpayer* to whom such . . . information relates," § 6103(b)(3), and the phrase "the *taxpayer* with respect

[*sic*] to whom such . . . information relates," § 6103(i)(2)(A) (emphases added). We cannot join the dissent in disregarding this evidently deliberate selection of the broader term "person." The term is specifically defined in the Code, 26 U.S.C. § 7701(a)(1) (1976), and at least when, as here, its literal application does not produce results that strongly suggest "the existence of sheer inadvertence in the legislative process," *Cass v. United States,* 417 U.S. 72, 83, 94 S.Ct. 2167, 2173, 40 L.Ed.2d 668 (1974), we see no reason not to follow its defined meaning. The fact, noted by the dissent, that "taxpayer identity" is stated to include "taxpayer identifying number (as described in section 6109)" would be significant if § 6109 defined that term to apply only to the identifying numbers of *taxpayers;* or if it provided identifying numbers *only* for *taxpayers;* or even if it provided that an individual might have one identifying number *as a taxpayer* and a different identifying number in other capacities (*e.g.,* as an income tax preparer, *see* § 6109(a)(4)). None of these is the case, and the use of the adjective "taxpayer" to modify "identifying number" seems to us merely designed to avoid the somewhat Orwellian tone that would be struck by reference to people's "identifying number" without further qualification. The use of "IRS identification number" might have been more appropriate, but we do not consider the use of the sometimes inapt adjective "taxpayer" significant. The Secretary is evidently in agreement, since his regulations apply the term "taxpayer identifying number" to the identification numbers of taxpayers and nontaxpayers alike. *See, e.g.,* 26 C.F.R. § 301.6109–1, which states that "[t]here are two types of taxpayer identifying numbers: social security numbers and employer identification numbers," and that the latter category identifies, among other things, "partnerships." Partnerships are not taxpayers. *See Randolph Products Co. v. Manning,* 176 F.2d 190 (3d Cir.1949). *See also* 26 C.F.R. §§ 301.7701–12 & 301.7701–1(a).

But to sustain the dissent's view that, without further inquiry, the bottlers' names and addresses are not "return information," it is not in any event sufficient to interpret the phrase "person with respect to whom a return is filed" to mean "the taxpayer with respect to whom a return is filed." Even *that* phrase would cover the present filers, unless they occupy the rare status (like partnerships) of not being "a person subject to any internal revenue tax" (the definition of "taxpayer," *see* 26 U.S.C. § 7701(a)(14) (1976)). What the dissent is really arguing, in other words, is that the phrase "a person with respect to whom a return is filed" should be interpreted to mean "a taxpayer with respect to whose tax liability a return is filed." The dissent offers no justification for this alteration of the statute, and it seems to us there can be none. On the face of the matter, it would be absurd to limit in this fashion the elements of return information so confidential that they are specifically listed in § 6103(b)(2)(A),[7] while protecting *less* confidential data (under the "any other data" residual clause of § 6103(b)(2)(A)) *whether or not* it relates to the person with respect to whose tax liability the return is filed.

The dissent's response to this last point (and to our broader point that the "any other data" residual clause would cover the information sought in the present case even if the "taxpayer's identity" provision did not) is to invoke the Senate Report for the proposition that the residual clause applies only to returns filed by the taxpayer. Dissent, p. 652. This would be heady use of legislative history, even if the statement in the Senate Report quoted by the dissent were clearly intended to be an all-inclusive expression of what the section covers— which it is not. The dissent's casual suggestion on this issue is both textually implausible and operationally disastrous. It is textually implausible, because only a few

words earlier the section *expressly* limits itself to the taxpayer's return, where that is its intent:

> The term "return information" means—
> ... whether the *taxpayer's return* was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to *a return* ....

§ 6103(b)(2)(A) (emphasis added). And it is operationally disastrous because it would deprive information returns of their confidentiality with regard to *all* the data they contain, except that specifically enumerated in the earlier portion of § 6103(b)(2)(A).

When one combines the dissent's construction of the term "taxpayer's identity" in the first portion of § 6103(b)(2)(A) with its construction of the term "any other data ... with respect to a return" in the latter portion, not only would the confidentiality of information not collected on a tax or information return be quite limited, but even much of the information collected *on* an information return would have no protection. To take only one of several horrendous examples, when a partnership files its information return under § 6031, its identity, income, receipts and disbursements would not qualify as "return information" under the itemized portion of § 6103(b)(2)(A) because it is not the person to whose tax liability the return relates; nor under the residual "any other data" portion because the return is not a tax return.

(3) Finally, the dissent's playful response (p. 653) to our position regarding the final clause of § 6103(b)(2) (excluding from the definition of "return information" data which cannot "identify, directly or indirectly, a particular taxpayer") is based upon the erroneous assumption that we were seeking to deny the word "taxpayer" in that provi-

---

7. The limitation which the dissent would place upon the meaning of "taxpayer's identity" in § 6103(b)(2)(A) would of course extend as well to the immediately following items of information that are connected to "taxpayer's identity" by use of the pronoun "his" ("a taxpayer's

identity, the nature, source, or amount of his income, payments, receipts, deductions, exemption, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments").

sion its defined statutory meaning ("any person subject to any internal revenue tax"). In fact, however, as our language clearly expresses, we only deny it the meaning which we understand the dissent would attribute to the word "taxpayer" in "taxpayer's identity"—that is, "the person to whose tax liability the return relates."

The dissent's argument does, however, raise a point we have not hitherto considered: whether, by reason of this last clause, all sorts of return data are deprived of protection if they do not pertain to a person meeting the statutory definition of taxpayer. This would leave partnership data (except that relating to the income of the individual partners) entirely unprotected. That seems to us so utterly unlikely a statutory intent that we would be tempted to accept the dissent's invitation to give the word "taxpayer" here *precisely* the meaning it has in the phrase "taxpayer's identity" earlier in the same subsection—*i.e.,* "person"—or else to reconsider our decision in *Neufeld v. IRS, supra,* that the final clause of § 6103(b)(2) was not directed solely at statistical studies and compilations, compare *King v. IRS,* 688 F.2d 488 (7th Cir.1982). Fortunately, however, the issue need not be reached in the present case. The failure of the district court to assure itself, before granting summary judgment, that all of the filing bottlers were in fact subject to some internal revenue tax, was not complained of by appellant either below or on appeal, and we decline to consider it. See *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).

*Affirmed.*

WALD, Circuit Judge, dissenting:

Appellant has requested from the Bureau of Alcohol, Tobacco & Firearms (BATF) a list of the names and addresses of registered liquor bottlers. These bottlers are not required to pay any liquor excise taxes and hence are not taxpayers so far as BATF is concerned. Moreover the identity of these bottlers is certainly in the public domain, obtainable probably by a perusal of telephone directories in their various com-

munities. Nevertheless, the majority concludes that a list of their names and addresses is confidential "return information," as defined in 26 U.S.C. § 6103(b)(2)(A), because their names reveal "a taxpayer's identity." In reaching this peculiar conclusion, the majority relies on *id.* § 6103(b)(6), which defines "taxpayer identity" to include "the name of a person *with respect to whom* a return is filed, his mailing address, his taxpayer identifying number . . ., or a combination thereof." (Emphasis added.) The majority reasons that the bottler has filed an "information" return and that the bottler's name and address therefore constitute the name and address of a person "with respect to whom" a return is filed.

I cannot accept this reading of § 6103. To begin with, the majority assumes but nowhere documents that Form 4328 is an "information return." Although the term is nowhere defined in the Internal Revenue Code, "information return" appears to be a statutory term of art that refers to returns from the sources of a taxpayer's income. Thus, the Code contains an entire part (ch. 61, subch. A, pt. III, 26 U.S.C. §§ 6031–6060) devoted to cataloguing "Information Returns." Even if some of the reports required elsewhere in the Code, including Chapter 51 dealing with liquor excise taxes, could also be considered "information returns," Form 4328 does not fit the genre of an information return as used by Congress over the years in the Code, or as commonly referred to by tax commentators. See, *e.g.,* 8A J. Mertens *The Law of Federal Income Tax,* ch. 48 (1976) (describing "information returns" prescribed by the Internal Revenue Code). This form contains no information whatsoever dealing with money or income of any taxpayer.

What it is, I believe, is an ordinary report or document and not a "return." If so, the information it contains would nonetheless be encompassed by the broad definition of "return information" in § 6103(b)(2) which includes "any . . . data . . . collected by the Secretary with respect to . . . the determination of the existence, or possible existence, of liability . . . of any person . . . for

any tax." Since Section 6103(a) provides that "returns *and* return information shall be confidential" and § 6103(b)(2) defines "return information" so broadly, this kind of information, unless covered by the proviso to § 6103(b)(2) discussed below, would still be confidential. Indeed this is the basis on which the district court, without considering the proviso, denied appellant's FOIA request.

Thus, I would be content to affirm the district court were it not for the proviso in § 6103(b)(2)—known as the Haskell Amendment—that "return information" "does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer". On its face this proviso seems to cover this case. The government appeared to concede at oral argument that there is no way to trace any particular liquor manufacturer taxpayer from the bottlers' Form 4328. Assuming that to be so, I do not see how the list of bottlers can be withheld under § 6103(b)(2)'s definition of return information, as interpreted by our court in *Neufeld v. IRS,* 646 F.2d 661, 665 (D.C.Cir.1981) ("return information, properly defined, includes only information that directly or indirectly identifies a particular taxpayer as the Haskell amendment indicates"). *Accord Moody v. IRS,* 654 F.2d 795 (D.C.Cir.1981); *Long v. IRS,* 596 F.2d 362 (9th Cir.1979), *cert. denied,* 446 U.S. 917, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1980). *Contra King v. IRS,* 688 F.2d 488, 491 (7th Cir.1982) ("highly inclusive definition of 'return information' guarantees privacy to a very broad spectrum of taxpayer information"; proviso only allows release of statistical compilations).

The district court did not deal with the § 6103(b)(2) proviso at all; the appellant apparently did not argue that it applied. However, since it is an intrinsic part of the definition of "return information," I believe its application should be addressed, and would consequently remand to the district court to determine whether it applies in this case, *i.e.,* whether in fact, any taxpayer would be identified by the form. If it does apply, then I believe § 6103 would not be implicated at all and the material would

either have to be disclosed or its nondisclosure justified under some FOIA exemption other than Exemption 3.

The majority, perhaps recognizing that this straightforward analysis would probably compel disclosure, adopts a circuitous and implausible argument for withholding, based on the notion that Form 4328 is an "information return," and the disclosure of its filer a revelation of "taxpayer's identity." There is always risk in generalist judges construing the intricate interrelationships of words and phrases in specialized legislation, and that danger is heightened in the case of the Internal Revenue Code. I am uneasy about unknown spillover effects of the convoluted semantics involved in the majority's construction of § 6103. Without any pretense of expertise in this field, I see the following problems with its construction.

First, the term "taxpayer identity" used in § 6103(b)(2), which the majority construes as meaning the identity of anyone who files any informational paper at the request of the IRS, suggests rather to me that Congress intended to protect the identities of taxpayers, not all contributors of information or even all return filers. Had Congress wanted to specifically protect the identities of return filers, whether or not the filer is also a taxpayer, it could easily have said so directly.

As the majority points out, "taxpayer identity" is defined in § 6103(b)(6) as including the name of the person "with respect to whom" a return is filed. This makes eminent sense in terms of the traditional function of information returns since they contain information from an income source that is requested "with respect to" a taxpayer. *See, e.g.,* § 6109(a)(2) (any person "with respect to whom" a return is requested to be made by another person shall furnish to such other person his identifying number). In the case where a taxpayer files his own tax or information return, requirements laid down for the person who files the return and the person "with respect to whom" the return is filed are one and the same. But there are many situations set out in the Code's chapter on information returns where a person files an in-

formation return bearing on the tax liability of someone else. For example, a bank must file a Form 1099 listing interest paid to its depositors. In such a case, the depositor is the taxpayer "with respect to whom" the return is filed, and his "taxpayer's identity" is protected by § 6103. The bank is not the person with respect to whom the return is filed but merely the person who files the return. Similarly, in this case, the bottler who files Form 4328 is not a taxpayer but merely an information filer, and its identity is not a "taxpayer's identity." The phrase "with respect to whom" a return is filed, as referring to the taxpayer, not the return filer appears throughout the Code, *see, e.g.,* § 6103(c) (taxpayer may designate persons to whom "return information with respect to such taxpayer" may be disclosed); § 6103(b)(3) (defining "taxpayer return information" as "return information ... furnished to the Secretary by or on behalf of *the taxpayer to whom such return information relates*") (emphasis added). Indeed the majority is forced to limit its strained interpretation to situations where the information return contains information only as to the filer, not any taxpayer, recognizing that in the usual return information situation, the person "with respect to whom" the return is filed is the taxpayer.

Second, § 6103(b)(6) defines "taxpayer identity" to include two items—"the name of a person with respect to whom a return is filed" and "*his taxpayer identifying number*" (emphasis added). This further suggests that Congress meant the term "taxpayer identity" to include only the identity of *taxpayers,* and not nontaxpaying information filers. *See also* 26 U.S.C. § 6103(b)(2)(A) (defining "return information" to include "a taxpayer's identity [and] the nature, source, or amount of *his* income") (emphasis added).

Third, my reading of § 6103(b)(6) is consistent with § 6103(m), which prescribes the conditions under which "taxpayer identity information" may be released: "to the press ... for purposes of notifying *persons entitled to tax refunds* when the Secretary ... has been unable to locate such persons"; and "the mailing address of a *taxpayer* ... for [several specified purposes]."

(Emphasis added). These exceptions refer only to taxpayers, further suggesting that taxpayers were all Congress had in mind in drafting § 6103(b)(6).

The legislative history of § 6103 confirms to my satisfaction that Congress was primarily focused on protecting the identity of taxpayers. The Senate committee report (the House bill had no comparable provision) explains that:

> The term "return information" is to include the following data pertaining to a *taxpayer: his* identity, the nature, source or amount of *his* income, [etc.] It also includes any particular of any data ... collected by the IRS with respect to a return *filed by the taxpayer.*

S.Rep. No. 938 (Part I), 94th Cong., 2d Sess. 318 (1976) (emphasis added), *reprinted in* 1976 U.S.Code Cong. & Ad.News 2897, 3439, 3748.

The majority's odd construction of "taxpayer identity" does, however, permit it to bypass any consideration of whether the Haskell amendment proviso applies. In a dazzling display of circular logic, the majority first construes the specifically defined term "taxpayer identity" to include the identity of both taxpayers and return-filers. It then reasons that the word "taxpayer" in the proviso must include information filers as well as taxpayers lest we "needlessly give the word 'taxpayer' a meaning different from that used in the phrase 'taxpayer's identity.'" Maj. op. at 647. In effect, that means that the proviso is per se inapplicable as far as the author of any kind of informational document is concerned. This two-step argument is equivalent, of course, to a direct ipse dixit that when Congress said "taxpayer" it really meant "taxpayer or information filer." It is also directly contrary to 26 U.S.C. § 7701(a)(14), which defines "taxpayer" as "any person subject to any internal revenue tax." I cannot resist the temptation to turn the majority's argument around and point out that since we *should not* "needlessly give the word 'taxpayer' a meaning different from that used in the phrase 'taxpayer's identity,'" and since the Internal Revenue Code defines "taxpayer" to exclude nontaxpaying information filers, the majority's construc-

tion of "taxpayer's identity" to include non-taxpaying information filers is all the more peculiar.

The whole exercise is not convincing to me.

I note finally that none of the tax disclosure horrors set out at the end of the majority opinion would follow from my more limited interpretation of "taxpayer identity." "Information returns" such as partnership returns would still be exempt under § 6103(b)(1), and no return information would be disclosable if any particular taxpayer were identified. Moreover, all other relevant FOIA exemptions, including Exemptions 6 and 7, would be available in appropriate circumstances to protect the identities of or any other privileged information about non-taxpayer informants. *See* S.Rep. No. 938, 94th Cong., 2d Sess. 316 (1976) ("In addition to the provisions of the Internal Revenue Code, ... the Privacy Act and the Freedom of Information Act affect the disclosure of tax information."), *reprinted in* 1976 U.S.Code Cong. & Ad. News 3439, 3746.

I respectfully dissent.