**John J. BOROUGH, Appellee,**

v.

**DULUTH, MISSABE & IRON RANGE RAILWAY COMPANY, a corporation, Appellant.**

**No. 84–5099.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1985.

Decided May 13, 1985.

Robert E. Mathias, Duluth, Minn., for appellant.

John J. Naughton, Chicago, Ill., for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

LAY, Chief Judge.

John J. Borough was a conductor and brakeman for the Duluth, Missabe & Iron Range Railroad in Duluth, Minnesota. On the morning of September 9, 1979, Borough was the head brakeman on a train consisting of approximately one hundred fully loaded ore cars. The train was running from the Procter Yard to Dock Five in the Duluth harbor. Borough's duties included setting the brakes at the Procter Yard for the downhill run and riding the locomotive to the dock where he would signal the engineer to stop the locomotive short of a cross-over switch, disconnect the locomotive, and release the brakes on the ore cars.

About 7:40 a.m. the train arrived at Dock Five and approached the cross-over switch at a speed of one or two miles per hour. Borough stepped off the front platform of the locomotive to position himself to signal the engineer when to stop. As he stepped onto the walkway beside the train, Bor-

ough's left foot landed on taconite pellets and he slipped and fell on his back. Despite injury to his lower back, plaintiff continued with his work that day. An injury report was promptly filed and Borough was subsequently examined by a number of doctors.

Despite treatment, Borough found himself unable to perform his duties and eventually quit the railroad. In the fall of 1982, plaintiff filed a complaint under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (1982). At the close of all evidence, the district court, Chief Judge Miles W. Lord, directed a verdict against the railroad on the question of negligence. The court found the railroad's negligence had been established as a matter of law and that there existed no evidence of contributory negligence on the part of Borough. The jury returned a general verdict in the amount of $309,024 for medical expenses, lost income, and pain and suffering.

On appeal the railroad contends the district court erred in (1) directing a verdict on behalf of Borough on the question of contributory negligence; (2) failing to set aside the damage award as excessive; (3) excluding from evidence a film offered by the railroad; and (4) allowing the jury to examine the taconite pellets. We affirm the judgment of the district court.

I. Contributory Negligence

■ The trial court refused to instruct upon and submit the issue of contributory negligence.[1] We find no error in this ruling.

---

1. In an unusual ruling the trial court directed a verdict in favor of the plaintiff at the close of all evidence on the issue of the railroad's negligence. The court held the railroad was negligent as a matter of law. We think this kind of ruling should be reserved for only the exceptional case. In weighing a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the party moved against, even though contrary inferences might reasonably be drawn. In order to direct a verdict for the plaintiff there can be but one reasonable conclusion as to the verdict. *Parker v. Seaboard Coastline R.R.*, 573 F.2d 1004, 1007 (8th Cir.1978). It is true in the present case that the railroad did not attempt to put on any evidence concerning its own negligence. How-

ever, a reasonable argument might be made that the presence of the taconite pellets was common to the work carried on by the railroad and that it was not unreasonable for the railroad to fail to have them constantly removed from all platforms.

In the instant case, we do not decide whether the trial judge erred in this regard. Suffice it to say the railroad failed to raise the issue on appeal. The railroad simply attacks the court's refusal to submit the plaintiff's alleged contributory negligence to the jury. It is well settled in this circuit if an issue is not raised on appeal it will be deemed abandoned. *Kizzier Chevrolet Co., Inc. v. General Motors Corp.*, 705 F.2d 322, 325 n. 2 (8th Cir.), *cert. denied*, —— U.S. ——,

Borough testified he stepped off the moving train in the manner taught and approved by the railroad. On cross-examination he also testified it would have been impractical for him to wait for the locomotive to stop before stepping off. The railroad specifically instructs its employees on the method of stepping off a moving locomotive and attempted to introduce a film at trial which demonstrated the proper method. The uncontradicted testimony was that Borough stepped off in the proper manner and did not violate any safety rules. Although two persons witnessed the accident, there was no testimony that Borough acted carelessly or stepped off improperly. And while Borough testified he knew that the presence of the taconite pellets on the platform might be dangerous, there is no evidence to show he failed to use proper care in alighting from the train. All of the evidence introduced by defendant related to Borough's medical treatment and damages, rather than the negligence issues.

▬ Apparently it is the railroad's position that Borough acted negligently, and that the jury could have disbelieved plaintiff's testimony and inferred, from the fact the accident occurred, that Borough failed to exercise due care. The railroad had the burden of proving its affirmative defense of contributory negligence. *Wilson v. Burlington Northern, Inc.*, 670 F.2d 780, 782 (8th Cir.), *cert. denied*, 457 U.S. 1120, 102 S.Ct. 2934, 73 L.Ed.2d 1333 (1982). In a similar situation the Sixth Circuit found error in submitting the issue of contributory negligence to the jury:

> [A] defendant is not entitled to reach the jury on an issue on which he bears the burden of proof on nothing but the incredibility of the plaintiff's testimony. Other evidence of the matter to be proved must be adduced. Thereafter, de-

fendant may be assisted in sustaining his burden by the jury's disbelief of plaintiff's testimony.

\*    \*    \*    \*    \*    \*

We have searched carefully for some evidence of contributory negligence because an appellate court should be reluctant to conclude from afar that the trial judge on the scene erred in a factual determination. Nevertheless, we find no evidence of contributory negligence here, and conclude it was error to submit that issue to the jury. Plaintiff's request for a peremptory instruction eliminating contributory negligence should have been granted.

*Dixon v. Penn Central Co.*, 481 F.2d 833, 837 (6th Cir.1973). In this case, the district court was correct in directing a verdict for plaintiff on the issue of contributory negligence.

## II. Damage Award

▬ The railroad argues the jury's award of $309,024 is excessive and was the result of passion and prejudice. No evidence giving rise to passion or prejudice is cited. The railroad simply argues Borough's injury stems from an unrelated 1977 domestic accident, rather than the work-related fall on September 9, 1979. This overlooks, however, that the source of the injury and calculation of damages are questions of fact and peculiarly within the province of the jury.

On appeal the railroad admits "[t]he issue of damages for a pre-existing condition was submitted to the jury in proper form." The testimony of doctors Goff, Lundquist, and Pollard supports the jury verdict. While the calculation of damages is difficult, given the changing working conditions on the railroad and the element of pain and

104 S.Ct. 153, 78 L.Ed.2d 141 (1983); *United States v. Bassler*, 651 F.2d 600, 604 n. 13 (8th Cir.1981), *cert. denied*, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 305 (1982). *See also Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Preemption Devices, Inc. v. Minnesota Mining & Manufacturing Co.*, 732 F.2d 903, 906 (Fed.Cir.1984); *Ryan v. Bureau of Alcohol, Tobacco & Firearms*, 715

F.2d 644, 650 (D.C.Cir.1983). The railroad's brief discusses at length the court's ruling on contributory negligence and does state, in one sentence, that it does not admit it was negligent as a matter of law. The issue is not otherwise briefed or discussed. No facts are alleged. The issue is not included in the statement of issues. Such conclusory statements cannot suffice to properly preserve an issue on appeal.

suffering, we cannot say the damages are without support in the evidence. The railroad made these same arguments on its motion for a new trial which the district court denied. We are reluctant to substitute our judgment for that of the jury and the district court. *See Taken Alive v. Litzau*, 551 F.2d 196, 198 (8th Cir.1977); *Chicago Great Western Railway v. Casura*, 234 F.2d 441, 448–49 (8th Cir.1956).

III. Evidentiary Rulings

■ The district court made two evidentiary rulings which the railroad argues were erroneous and an abuse of discretion. First, the district court refused to allow the railroad to show a film to the jury which demonstrated the proper method of stepping off a moving locomotive. We agree that the film was properly excluded under Fed.R.Evid. 401 and 403. All testimony regarding the proper method of stepping off the moving locomotive and the manner used by plaintiff was consistent. A film demonstration would be merely cumulative. Furthermore, the film was carefully staged by the railroad for the purpose of this litigation. A training film used to instruct plaintiff, or an actual film of plaintiff, might have been relevant and useful. However, the film offered added nothing to the case and we find no abuse of discretion in excluding it.

■ Second, the district court allowed the jury to take plaintiff's exhibit # 14, a jar of taconite pellets which had been admitted without objection, to the jury room during deliberations. The court declined to give an instruction telling the jury to refrain from experimenting with the pellets. The railroad argued the jury had no need to consider or examine the pellets because they related to the issue of negligence and the court had already directed a verdict for plaintiff. Plaintiff argued the pellets were relevant to the jury's consideration of the severity of Borough's injury. On appeal plaintiff urges there is no evidence the jury experimented with the pellets or made any use of them which might have been prejudicial to the railroad. We agree. The decision to allow the jury to examine the pellets was within the discretion of the district court and, even if the court abused its discretion, there is no showing of prejudice. Any error must be deemed harmless.

The judgment of the district court is affirmed.

FAGG, Circuit Judge, dissenting.

Because I believe that the district court committed error in refusing to submit the issue of contributory negligence to the jury, I respectfully dissent.

The railroad has the burden of proving contributory negligence of an employee. *Wilson v. Burlington Northern, Inc.*, 670 F.2d 780, 782 (8th Cir.), *cert. denied*, 457 U.S. 1120, 102 S.Ct. 2934, 73 L.Ed.2d 1333 (1982). It is entitled to have its contributory negligence theory submitted to the jury if there is any support for the theory in evidence. *Id.* The court, looking to the uncontradicted evidence of record that Borough alighted from the moving train in the manner prescribed by the railroad, holds that there was no evidence of contributory negligence on the part of Borough. I disagree.

Railroad Safety Rule D3 specifically provides that "[w]hen getting on or off moving equipment, watch the ground closely to avoid any condition that would cause falling, slipping, tripping or turning of an ankle. If necessary, stop movement, so you may alight safely." In response to a question from defense counsel as to whether it was a very bad situation as he saw it that day, Borough responded, "Yes." Thus, in spite of Borough's admitted awareness of the pellets, the dangerous situation, and a safety rule instructing employees to stop movement of equipment if necessary to alight safely, Borough stepped off the moving train onto the taconite pellets. While Borough may have believed it was impractical to wait to step off until the train stopped moving, the railroad was entitled to have the jury evaluate the reasonableness of Borough's conduct. Accordingly, I dissent.