947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James J. TERSINER, Plaintiff-Appellant,
v.
UNION PACIFIC RAILROAD COMPANY, Defendant-Cross-Claimant-Appellee,
v.
Michael GRETENCORD, d/b/a Penn's Apco, Defendant-Cross-Claim
Defendant-Appellee.
 No. 90-3361.
 United States Court of Appeals, Tenth Circuit.
 Oct. 30, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, James J. Tersiner, sued his employer, defendant Union Pacific Railroad Co., under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 (FELA), for injuries received on the job.[1] Union Pacific crossclaimed against Michael Gretencord based on the Kansas doctrine of contributory implied indemnity. The jury awarded total damages of $123,809.00 and found that Tersiner was 66% negligent, Union Pacific was 17% negligent, and Gretencord was 17% negligent. The district court entered judgment for Tersiner and against Union Pacific in the amount of $42,095.06, taking into account Tersiner's comparative fault. On appeal, Tersiner challenges the district court's contributory negligence and assumption of risk jury instructions.
 
 
 3
 Tersiner, as part of his job with Union Pacific, was assigned to obtain ice and water for a work crew. The ice and water were obtained from Gretencord's business, Penn's Apco service station. On one occasion while obtaining the ice and water, Tersiner stood on a wooden pallet. His shoe slipped through one of the slats in the pallet, and he fell, injuring his shoulder. Thereafter, Tersiner commenced this action in district court.
 
 
 4
 The only issue on appeal concerns the correctness of the jury instructions. Tersiner argues that, because Union Pacific's defense suggested he assumed a risk, the contributory negligence instruction was error.
 
 
 5
 In reviewing jury instructions, the instructions must be considered as a whole. Wegerer v. First Commodity Corp., 744 F.2d 719, 723 (10th Cir.1984). Upon proper request, a party is entitled to an instruction supporting its theory of the case if there is evidence to support the theory. Id. The defendant employer in a FELA case therefore is entitled to an instruction on contributory negligence if there is evidence to support such a theory. Wise v. Union Pac. R.R., 815 F.2d 55, 57 (8th Cir.1987). The employer has the burden of proving contributory negligence, Birchem v. Burlington N. R.R., 812 F.2d 1047, 1049 (8th Cir.1987), and must do so by presenting affirmative evidence of contributory negligence, Borough v. Duluth, Missabe & Iron Range Ry., 762 F.2d 66, 69 (8th Cir.1985).
 
 
 6
 FELA mandates that an employee's recovery be reduced by any part of his injury caused by his own contributory negligence. 45 U.S.C. § 53. FELA, however, precludes an employee's assumption of risk as a defense to a claim of injury allegedly resulting from the employer's negligence. Id. at § 54.
 
 
 7
 Although there is some overlap between assumption of risk and contributory negligence, generally the two defenses are not interchangeable. At common law an employee's voluntary, knowledgeable acceptance of a dangerous condition that is necessary for him to perform his duties constitutes an assumption of risk. Contributory negligence, in contrast, is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist.
 
 
 8
 Taylor v. Burlington N. R.R., 787 F.2d 1309, 1316 (9th Cir.1986) (citations omitted). Thus, contributory negligence is present when the employee's actions create additional danger to any danger caused by the employer's negligence. Gish v. CSX Transp., Inc., 890 F.2d 989, 991-92 (7th Cir.1989).
 
 
 9
 In this case, the evidence warranted a contributory negligence instruction. Based on the evidence presented, the jury could reasonably find that Tersiner's action added additional danger to the situation. The evidence showed that railroad workers did not typically stand on the pallet when obtaining ice and water. Rather, they used a safer alternative of standing on the cement next to the pallet and placing their water containers on the pallet while filling the containers. Furthermore, because Tersiner stood on the pallet instead of the cement, he violated the railroad safety rules indicating that an employee must maintain firm footing and a clear view and avoid areas potentially dangerous for slipping or tripping. Tersiner even admitted to Gretencord that the fall may have been partially his fault. The jury could reasonably find and did find that Tersiner, by standing on the pallet, rather than the concrete, acted negligently.
 
 
 10
 Tersiner further argues that the district court should have instructed the jury that Union Pacific could not delegate its duty to provide him with a safe place to work. He claims that such an instruction would clarify the difference between contributory negligence and assumption of risk by indicating Union Pacific assumed the risks inherent in the work place.
 
 
 11
 It is settled that an employer has a nondelegable duty to use reasonable care to provide a safe work environment. Security Ins. Co. v. Johnson, 276 F.2d 182, 187 (10th Cir.1960). The district court instructed the jury that Union Pacific had a duty to use "reasonable care to provide its employees with a safe place to work" and instructed the jury regarding assumption of risk and contributory negligence. These instructions appropriately instructed the jury on the differences between the two defenses and prevented the jury from considering an assumption of risk defense while permitting it to make factual findings on contributory negligence.
 
 
 12
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Tersiner also initially sued Michael Gretencord under a state law theory of negligence. Gretencord subsequently was dismissed as a defendant for lack of subject matter jurisdiction