# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3349EMCG

_____

| | | |
|---|---|---|
| TERRY D. BALLARD, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | On Appeal from the |
| | * | United States District Court |
| RIVER FLEETS, INC., | * | for the Eastern District |
| | * | of Missouri |
| Defendant-Appellee. | * | |
| | | [PUBLISHED] |

_____

Submitted: June 12, 1998
Filed: July 13, 1998

_____

Before HANSEN and MORRIS SHEPPARD ARNOLD, Circuit
Judges, and PANNER[1], District Judge

_____

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District
of Oregon, sitting by designation.

_____

PANNER, District Judge

Terry D. Ballard hurt his back while working as a deckhand on a tug boat. He brought a personal injury action under the Jones Act, 46 U.S.C. app. § 688, against his employer, River Fleets, Inc. At trial, the jury found for Ballard but determined that he was 35% at fault. On appeal, Ballard contends that the District Court[2] should not have allowed the jury to determine contributory negligence.

We affirm.

I. Background

River Fleets operated tug boats on the Mississippi River near Wyatt, Missouri. On the night of November 29-30, 1992, Ballard was working as a deckhand on a River Fleets tug boat. The tug's crew included another deckhand, Tom Healey, and the pilot, Mike Davis.

While heading back to the dock at about 5:00 a.m., Davis noticed two barges drifting askew from a fleet. Securing barges was a routine duty for deckhands, so Ballard and Healey boarded one of the barges. Davis maneuvered the tug to shove the two barges end-to-end.

When Davis pushed the barges together, Healey stepped down onto the deck of the second barge and Ballard handed him a looped length of steel cable that was fastened to a "timberhead," or post, on the first barge's deck. Healey was supposed to secure the cable to a timberhead on the second barge so Ballard could pull slack out of

[2]The Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri.

the cable before tightening it with a ratchet.   Unfortunately, when Ballard pulled the cable, it came loose and  there was no resistance.  Ballard fell hard onto the deck and hurt his back.

At trial, the parties disputed whether Ballard contributed to his injury by pulling the cable straight back with the weight of his body.  River Fleets taught deckhands to stand sideways for balance and to use only their arms to pull the cable.

On direct examination at trial, Ballard demonstrated how he pulled the cable: "Just grab the wire like you're standing like this (indicating), this is your chain link, you just kind of squat down and jerk it, you know, with your body, like that (indicating)." 1 Tr. 147.  (There were chain links on the end of the cable so the cable could be attached to a ratchet for tightening.)   On cross-examination, Ballard stated, "I had the chain links beside me, like this (indicating), squatted, -- about half squatted down with the chain links like this (indicating)."  Id. 181.

On cross-examination, Ballard's own expert witness, Captain Vincent "Pete" Ciaramitaro, testified that he understood from  Ballard's deposition testimony that Ballard "got behind the wire to pull it."  2 Tr. 54.  Ciaramitaro agreed that Ballard would "go flying backwards" if the cable came off the timberhead, which was "exactly what happened in this case."  Id. 54, 55.

The jury awarded Ballard damages of $222,500, but found that Ballard had been 35% contributorily negligent.  After subtracting a set-off for lost wage payments, the court entered judgment for $123,721.72.  This appeal followed.

II.  Standards

This court reviews de novo the denial of a motion for judgment as a matter of law, applying the same standard as the district court.  Gray v. Bicknell, 86 F.3d 1472, 1478 (8th Cir. 1996).  This court "must: '(1) resolve direct factual conflicts in favor of

the nonmovant; (2) assume as true all facts supporting the nonmovant which the evidence tended to prove; (3) give the nonmovant the benefit of all reasonable inferences; and (4) affirm the denial of the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.'" Sherlock v. Quality Control Equip. Co., 79 F.3d 731, 735 (8th Cir. 1996) (quoting Grand Lab., Inc. v. Midcon Lab., 32 F.3d 1277, 1280 (8th Cir. 1994)). "We will not set aside a jury's verdict lightly, and we will not weigh, evaluate, or consider the credibility of the evidence." Kaplon v. Howmedica, Inc., 83 F.3d 263, 266 (8th Cir. 1996).

III. Discussion

River Fleets had the burden of proving the affirmative defense of contributory negligence. Borough v. Duluth, Missabe & Iron Range Ry. Co., 762 F.2d 66, 69 (8th Cir. 1985).[3] "A defendant is entitled to a contributory negligence instruction if there is any evidence to support the theory. If the defendant fails, however, to produce evidence of the plaintiff's lack of due care, then it is reversible error to give the instruction." Birchem v. Burlington N. R.R. Co., 812 F.2d 1047, 1049 (8th Cir. 1987) (citations omitted).

Here, Ballard contends that to show contributory negligence, River Fleets relied solely on impeaching his credibility. See Birchem, 812 F.2d at 1049 n.4 ("a defendant cannot rely solely on the credibility of the plaintiff's testimony to establish contributory negligence") (citing Borough, 762 F.2d at 69). We agree with River Fleets, however, that there was independent evidence of Ballard's negligence. The jury could have found

---

[3]Decisions on the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, apply to claims brought under the Jones Act, 46 U.S.C. app. § 688. See Alholm v. American Steamship Co., Nos. 97-1840, 97-1831, 1998 WL 276309, at *7 (8th Cir. June 1, 1998).

-4-

from Ballard's testimony and demonstration that he had incorrectly used the weight of his body to pull the cable straight back. See United States v. Skinner, 425 F.2d 552, 555 (D.C. Cir. 1970) ("The visual evidence [a courtroom demonstration showing the relative positions of a shooting victim and his assailant] . . . is not part of the printed record but the appellate court is required to give full credit to all reasonable inferences deducible therefrom."). Cf. Alholm v. American Steamship Co., Nos. 97-1840, 97-1831, 1998 WL 276309, at *7 (8th Cir. June 1, 1998) ("American Steamship's defense was not solely based on [impeaching the plaintiff's] credibility, however. It simply asked the jury to interpret ambiguous testimony in its favor, and this was not improper."). The jury also could have based its finding on the testimony of River Fleets' expert witness and of Ballard's own expert witness.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.