William BIRCHEM, Appellee,

v.

BURLINGTON NORTHERN
RAILROAD COMPANY, a
corporation, Appellant.

No. 86–5253.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 9, 1986.
Decided Feb. 26, 1987.

Deming Smith, Sioux Falls, S.D., for appellant.

Gary K. Woods, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and WOLLMAN, Circuit Judge, and HANSEN,[*] District Judge.

LAY, Chief Judge.

William Birchem sued his employer, Burlington Northern Railroad (Railroad), under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1982) (FELA), after he was injured in two on-the-job accidents. A jury found for Birchem and awarded him $150,000. The district court[1] denied the Railroad's motion for a new trial, and the Railroad appeals. The basic issue on appeal is whether the trial court erred in failing to submit to the jury the question of Birchem's alleged contributory negligence.

**Facts**

William Birchem began working for the Railroad in April, 1970. His work consisted mainly of section labor and maintenance work. He quit the Railroad in 1974 for personal reasons. In September, 1979, he returned to work for the Railroad.

On June 10, 1982, while working as a cook for a tie gang near Yankton, South Dakota, Birchem was injured while taking the garbage out of the cook car. At the time of the accident, he was carrying two bags of garbage, one in each hand. He set one bag on the floor to open the door. The door opened outward on the end of the cook car. He opened the door, picked up the bag, and walked out the door with both hands full. After he was outside the car, Birchem "butted" the door shut, but the action lacked sufficient force to catch the latch and hold the door. The wind caught the door and slammed the doorknob into his back.

Birchem did not lose any work time as a result of this accident, and in August, 1982, he transferred to a job on a sled gang. As part of this job, Birchem operated a mudjack.[2] He claims that he was injured when he moved the machine along the track with the jaws raised. The jaws unexpectedly dropped, grabbed the track, and stopped. As a result of the sudden stop, Birchem lost his footing and fell, again injuring his back.

Birchem alleges that the cook car door was defective because it lacked a safety chain or strap to stop it from swinging open. He also claims that the mudjack was defective because the chain and ring used to hold the lever in place during transport were broken and had been replaced with wire. It was necessary to use some device to hold the lever in place because the linkage rod on the mudjack, which was designed to perform this function, was, in Birchem's words, "shot." Birchem testified that he had complained to the gang mechanic about the linkage rod and had offered to repair it himself. The necessary parts were not available, and neither Birchem nor the mechanic ever repaired the machine.

**Discussion**

The Railroad argues first that it adduced sufficient evidence to warrant a contributory negligence instruction.[3]

Birchem stated on cross-examination that the latch on the cook car door was functioning properly, and he admitted that had he closed the door with his hand instead of his hip, the latch probably would have held the door shut. He also testified that he used the mudjack knowing of its condition and knowing of safety rules forbidding the use

---

[*] The HONORABLE DAVID R. HANSEN, United States District Judge for the Northern District of Iowa, sitting by designation.

1. The Honorable Richard H. Battey, United States District Court for the District of South Dakota, presiding.

2. A mudjack is a machine that travels along a section of the rail line and, when placed in operation, lifts the track with jaws that drop down when the operator releases a lever.

3. As part of its case, the Railroad also presented evidence that Birchem misidentified the cook car and the mudjack involved in the accidents. The Railroad also stressed inconsistencies in Birchem's testimony by using numerous impeachment witnesses.

of unsafe or defective equipment. He further stated that he had replaced the wire on the mudjack himself as a substitute for the missing chain and ring.

■ In a FELA case, the burden of proving contributory negligence is on the defendant. *Wilson v. Burlington N., Inc.,* 670 F.2d 780, 782 (8th Cir.) (court's instructions on contributory negligence not supported by record), *cert. denied,* 457 U.S. 1120, 102 S.Ct. 2934, 73 L.Ed.2d 1333 (1982). A defendant is entitled to a contributory negligence instruction if there is any evidence to support the theory. *Id.* If the defendant fails, however, to produce evidence of the plaintiff's lack of due care, then it is reversible error to give the instruction. *Id.; Borough v. Duluth, M. & I.R. Ry.,* 762 F.2d 66, 69 (8th Cir.1985) (no error in refusing contributory negligence instructions).

■ Although Birchem acknowledged his awareness of the condition of the mudjack and confirmed that he knew about the company's safety rules, he nonetheless went ahead and used the machine. There is no evidence, however, that Birchem in any way failed to use proper care in operating the machine. The Railroad believes that Birchem's violation of safety rules is sufficient evidence to establish his negligence and make it a jury question. The district court properly admonished the jury during the trial that the Railroad's theory was an impermissible effort to transfer to Birchem its nondelegable duty to provide safe equipment and a safe working environment. The court, however, then advised the jury that evidence concerning the manner and way in which Birchem used the equipment was proper for its consideration.

We find no error in the district court's instructions. Refusing a contributory negligence instruction under these facts is consistent with FELA standards governing assumption of risk and contributory negligence. The Ninth Circuit has recently addressed the subtleties of the two common-

law doctrines within the context of FELA, and we find its reasoning persuasive:

Although there is some overlap between assumption of risk and contributory negligence, generally the two defenses are not interchangeable. At common law an employee's voluntary, knowledgeable acceptance of a dangerous condition that is necessary for him to perform his duties constitutes an assumption of risk. *Contributory negligence, in contrast, is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist.* Defenses once embraced substantially within the concept of assumption of risk are barred under the FELA and may not be revived in the form of contributory negligence. Where an act of alleged contributory negligence is but the practical counterpart of assumption of risk, it does not constitute a defense. By this reasoning, the employer's argument here must fail, for it is in essence an assumption of risk defense, not one based upon contributory negligence. The employee who enters the workplace for a routine assignment in compliance with the orders and directions of his employer or its supervising agents, who by such entry incurs risks not extraordinary in scope, is not contributorily negligent, but rather is engaging in an assumption of risk.

*Taylor v. Burlington N.R.R.,* 787 F.2d 1309, 1316 (9th Cir.1986) (citations omitted) (emphasis supplied).

■ Under these standards, Birchem's use of the mudjack in a defective condition constituted assumption of risk, a defense disallowed by FELA. *Brown v. Cedar Rapids & I.C. Ry.,* 650 F.2d 159, 165 (8th Cir.1981) (defendant's contributory negligence instruction erroneously implied that plaintiff assumes risks in employment). Nothing in the record indicates any lack of due care after Birchem began operating the machine.[4]

4. Birchem also argues that the Railroad is attempting to bypass its burden by relying solely on the credibility of Birchem's testimony as evidence of contributory negligence. Much of

the Railroad's evidence consisted of attempts to impeach Birchem. This court has held that a defendant cannot rely solely on the credibility of the plaintiff's testimony to establish contrib-

 The cook car incident raises a different question, but we believe that, given the realities of the workplace, Birchem's action in closing the door with his hip instead of his hand did not alone constitute a lack of due care justifying a jury instruction. *See Wilson,* 670 F.2d at 783. There is no error in the district court's instructions.

The Railroad also claims that the court abused its discretion in failing to grant a new trial based upon newly discovered evidence.

Three days before trial, after three court-initiated continuances, a witness for the Railroad, Jerry D. Johnson, was injured in a motorcycle accident and hospitalized in Minnesota. Johnson was Birchem's general foreman in 1982 and was familiar with the mudjack Birchem was using. He was to testify that there was nothing wrong with the mudjack and that at the time of Birchem's injury, Birchem did not tell Johnson that the machine was defective or unsafe or was responsible for the injury. Johnson was also to testify that the machine had no history of a missing safety chain or faulty rod linkage. He also would have testified that after Birchem reported the cook car accident, he did not tell Johnson that the door was in any way defective or that its condition was responsible for the injury.

Trial commenced without Johnson. The Railroad did not request a continuance, nor did it attempt to depose Johnson in the hospital or make other arrangements for his testimony.

 To justify a motion for new trial, the movant must show: (1) that the evidence is actually "newly discovered," that is, discovered subsequent to trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative and that a new trial would probably produce a different result. *Warner v. Transamerica Ins. Co.,* 739 F.2d 1347, 1353 (8th Cir.1984). The motion is addressed to the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion. *Edgar v. Finley,* 312 F.2d 533, 536–37 (8th Cir. 1963).

 The Railroad urges that Johnson's evidence is "newly discovered" because, due to the changes in Birchem's story, it had no way of knowing which portions of Johnson's testimony would be needed until Birchem testified.

The Railroad, however, was aware of the substance of Johnson's testimony long before trial commenced. Trial had been scheduled for three previous dates, only to be continued by the court. The Railroad also admits that Johnson's testimony was to be used for the purpose of impeaching Birchem. Finally, the Railroad made no effort to secure Johnson's testimony after his accident, even though *it* could have moved for a continuance or deposed Johnson in the hospital. The trial court did not abuse its discretion in denying the Railroad's motion.

The judgment of the district court is affirmed.

---

utory negligence. *Borough,* 762 F.2d at 69. The defendant must produce independent evidence of the plaintiff's lack of due care. This, of course, is what the Railroad claims it has done in this case.