933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Alma Kay ATWOOD, Plaintiff-Appellant,
v.
UNION PACIFIC RAILROAD COMPANY, Defendant-Appellee.
 No. 90-4076.
 United States Court of Appeals, Tenth Circuit.
 May 20, 1991.
 
 Before TACHA and SETH, Circuit Judges, and BRATTON, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Plaintiff-appellant Alma Kay Atwood appeals a jury verdict in his favor in an action against defendant-appellee Union Pacific Railroad Company for liability under the Federal Employer's Liability Act, 45 U.S.C. Secs. 51-60 (FELA or Act). On appeal, Atwood alleges the district court erred by: (1) instructing the jury on the issue of contributory negligence, (2) refusing to instruct the jury on the unavailability under FELA of the defense of assumption of the risk, (3) failing to instruct the jury properly on the central issues of the case, and (4) admitting into evidence Atwood's unsworn statement and sending it into the jury room. Atwood also argues there was evidence of future lost wages and the jury's failure to award those damages requires a new trial. We exercise jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 Contributory Negligence
 
 2
 Atwood contends the jury should not have been instructed on the issue of contributory negligence. A defendant in a FELA action is entitled to a contributory negligence instruction if there is any evidence to support that theory. Gish v. CSX Transp., Inc., 890 F.2d 989, 992 (7th Cir.1989); Wise v. Union Pac. R.R., 815 F.2d 55, 57 (8th Cir.1987). Here, there was evidence presented from which the jury could reasonably conclude Atwood did not exercise due care. Atwood himself testified he had reported several weeks before the accident that the switch was stiff and needed lubrication. The foreman testified that switchmen in Atwood's position are required by company safety rules to make general inspections of switches before operating them. Visual inspection of this switch, he stated, would have shown it was dry and required oiling. He further testified that when a switchman knows a switch is stiff, he must exercise "extra caution."
 
 
 3
 Atwood's testimony indicated he did not inspect the switch and did not use a two-step repositioning technique of switching, which the foreman testified is required by the safety rules to avoid unsafe and awkward body positioning while switching. Atwood also testified he continued throw the switch five or six times after noticing the stiffness of the switch and feeling pain in his back during the first switch. Based on evidence in the record, we hold Union Pacific was entitled to have the theory of contributory negligence submitted in a jury instruction.
 
 
 4
 Atwood argues evidence of violation of a Federal Railroad Administration Regulation (FRA) should have barred submission of the issue of contributory negligence from the jury. Section 53 of Title 45 provides: "[N]o ... employee who may be injured ... shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury ... of such employee." 45 U.S.C. Sec. 53. The FRA regulation allegedly violated in this case is section 213.135(e), which states: "Each switch stand and connecting rod must be securely fastened and operable without excessive lost motion."
 
 
 5
 A district court's refusal to instruct a jury that proof that a railroad violated a safety regulation prohibits reduction of an award of damages for contributory negligence can be prejudicial error. Eckert v. Aliquippa & S.R.R., 828 F.2d 183, 186 (3d Cir.1987); see also Pratico v. Portland Terminal Co., 783 F.2d 255, 267-68 (1st Cir.1985). However, when a plaintiff fails to submit a jury instruction to this effect or fails to object at trial to an instruction on contributory negligence for this reason, we apply on appeal the "plain error and prejudice" rule. According to Rule 51 of the Federal Rules of Civil Procedure: "No party may assign as error the giving or the failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Fed.R.Civ.P. 51. A party claiming fundamental error within the reach of Rule 51 has a heavy burden of demonstrating manifest injustice. Clegg v. Conk, 507 F.2d 1351, 1362 (10th Cir.1974), cert. denied, 422 U.S. 1007 (1975).
 
 
 6
 Here, Atwood did not request a jury instruction that a finding of violation of an FRA regulation bars contributory negligence. Nor did Atwood present evidence at trial the switch stand and connecting rod were not securely fastened or operable only with "excessive lost motion." In fact, FRA regulation 213.135(e) was admitted by judicial notice and was not discussed at trial by any plaintiff's witness. Further, evidence in the record shows the switch was not defective but rather "improperly maintained." Because the jury could have found the condition of the switch did not violate the FRA regulation and no evidence was presented to the contrary, we hold the lack of a jury instruction on this issue did not result in manifest injustice.
 
 Assumption of the Risk
 
 7
 Atwood contends the district court erred by refusing to instruct the jury regarding the unavailability of assumption of the risk as a defense in an FELA action. Assumption of the risk is an affirmative defense that must be plead or forfeited according to Rule 8(c) of the Federal Rules of Civil Procedure. Where the "defense" of assumption of the risk has been neither pleaded nor argued, instructing the jury regarding the statutory elimination of that defense serves only to obscure the issues in the case. Casko v. Elgin, J. & E. Ry., 361 F.2d 748, 751 (7th Cir.1966) (citing Tiler v. Atlantic Coast Line R.R., 318 U.S. 54, 58 (1943) (Frankfurter, J., concurring)). Although giving an unrequested assumption of the risk instruction in a FELA action may not be reversible error, courts generally have disapproved such an instruction in FELA actions. Clark v. Burlington N., Inc., 726 F.2d 448, 451 (8th Cir.1984); see also, e.g., Heater v. Chesapeake & O.R.R., 497 F.2d 1243, 1249 (7th Cir.), cert. denied, 419 U.S. 1013 (1974); Clark v. Pennsylvania R.R., 328 F.2d 591, 592 (2d Cir.), cert. denied, 377 U.S. 1006 (1964). Here, Union Pacific did not plead or argue the defense of assumption of the risk. Therefore, we hold the district court did not err by refusing to instruct the jury that assumption of the risk is not a defense under FELA.
 
 Form of the Jury Instructions
 
 8
 Atwood also contends the district court failed to instruct the jury properly on the central issues of the case. When reviewing jury instructions, we examine the record as a whole to determine whether the instructions state the governing law and provide the jury with ample understanding of the issues and applicable standards. Big Horn Coal Co. v. Commonwealth Edison Co., 852 F.2d 1259, 1271 (10th Cir.1988). An error in jury instructions mandates reversal only when the error is prejudicial based on a review of the record as a whole. Id. at 1271 n. 19. A district court has wide discretion to select his own words and instruct the jury in his own style. Bass v. International Broth. of Boilermakers, 630 F.2d 1058, 1061-62 (5th Cir.1980).
 
 1. Instruction No. 15: Expert Testimony
 
 9
 Atwood contends he was unfairly prejudiced when the court instructed the jury that experts can testify on the basis of hypothetical questions. However, the governing law clearly allows experts to testify based on hypothetical questions. See, e.g., Teen-Ed, Inc. v. Kimball Int'l, Inc. 620 F.2d 399, 404 (3d Cir.1980). Based on the record as a whole, we cannot say this instruction does not correctly summarize the applicable law. Further, the hypotheticals the defense counsel used on cross-examination challenged only the amount, not the propriety, of damages for future economic loss. Because the jury failed to award any damages for future wages, Atwood could not have been prejudiced by this instruction.
 
 
 10
 2. Instruction Nos. 30, 33, 35, and 36: Contributory
 
 Negligence
 
 11
 Atwood contends the court committed reversible error by giving four instructions regarding contributory negligence because they unduly emphasized the defendant's theories. We find no merit in this argument. The record indicates Union Pacific presented evidence of contributory negligence and thus was entitled to jury instructions regarding that theory. Further, the instructions correctly summarize the law regarding contributory negligence in a FELA action. See, e.g., Gish, 890 F.2d at 991-92 (providing general explanation of contributory negligence in FELA actions); Birchem v. Burlington N.R.R., 812 F.2d 1047, 1049 (8th Cir.1987) (same); Teets v. Chicago, S. & S.R.R., 238 F.2d 223, 227 (7th Cir.1956) (where evidence presented that plaintiff violated railroad operation rule, no error in providing jury instruction regarding possible violation and its proximate causation of plaintiff's injury); Page v. St. Louis S. Ry., 349 F.2d 820, 822 & n. 3, 824 (5th Cir.1965) (instruction explaining proximate causation in terms of slight negligence appropriate for contributory negligence instruction). We hold the district court did not err in instructing the jury as it did on contributory negligence.
 
 
 12
 3. Instruction No. 36: Plaintiff's Negligence as Sole Cause
 
 
 13
 of Injury
 
 
 14
 Atwood asserts it is reversible error for the district court to have given a "sole cause" instruction because the jury would be confused that a plaintiff's contributory negligence can bar the defendant's liability under FELA. However, the "sole cause" jury instruction given here conforms to model instructions cited by the Supreme Court. See Carter v. Atlanta & St. A.B. Ry., 338 U.S. 430, 435-36 (1949). Further, there was no prejudice to Atwood from jury confusion on this issue because the jury found Atwood contributorily negligent and still awarded him damages.
 
 
 15
 4. Instruction No. 40: Standard of Proof for Damages
 
 
 16
 Atwood contests that instruction no. 40 confused the jury regarding the standard of proof for damages. However, this instruction correctly summarizes the law regarding the standard of proof for awarding damages. We find no merit in Atwood's argument that the instruction regarding the standard of proof--the preponderance of the evidence--is confused by the phrase "evidence that plaintiff in fact sustained future damages." We hold there was no error in instruction no. 40.
 
 
 17
 5. Instruction No. 42: Reduction of Past Wage Loss for
 
 State and Federal Taxes
 
 18
 Atwood contends the court committed reversible error by instructing the jury that past earnings should be calculated on the basis of after-tax earnings. In Liepelt v. Norfolk & W. Ry., 444 U.S. 490, 491 (1980), the Supreme Court held it was reversible error for the district court to refuse to instruct the jury the damages award would not be subject to income taxes. As the Court noted, the Internal Revenue Code provides a damage award received on account of personal injuries is not taxable income. See 26 U.S.C. Sec. 104(a)(2). Because after-tax income provides the only realistic measure of an employee's earnings ability, the Court pointed out, income tax is a relevant factor in calculating a plaintiff's loss. Id. at 493-94. Although Liepelt does not require a district court to instruct a jury that past wages should be reduced for state and federal taxes, the Supreme Court stated that giving such an instruction "can do no harm." Id. at 498. Therefore, we hold instruction no. 42 summarized the applicable law and did not prejudice Atwood.
 
 
 19
 6. Instruction No. 47: Duty to Mitigate Damages
 
 
 20
 Atwood argues the district court erred by instructing the jury regarding mitigation as it did in instruction 47. A defendant is entitled to an instruction regarding his theory of the case, including the possibility of mitigation, if there is evidence on the record to support it. See Trejo v. Denver & R.G.W.R.R., 568 F.2d 181, 184 (10th Cir.1977). The record shows there was evidence relating to mitigation of damages. We hold the court did not err in instructing the jury as it did in instruction no. 47.
 
 
 21
 Further, Atwood did not request a jury instruction stating the burden is on the defendant to prove mitigation by a preponderance of the evidence. Because Atwood did not object at trial to instruction no. 47 on this basis, he is subject to the plain error rule. See Fed.R.Civ.P. 51. Considering the fact the district court instructed the jury generally that the burden is on the defendant to prove every element by a preponderance of the evidence, we must conclude manifest injustice did not result from instruction no. 47.
 
 
 22
 Admitting Plaintiff's Transcribed Statement
 
 
 23
 Atwood further argues his transcribed statement should have not been admitted and sent into the jury room during jury deliberation. In reviewing the evidentiary rulings of a district court, we reverse only for an abuse of discretion. United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988); Bannister v. Town of Noble, 812 F.2d 1265 (10th Cir.1987). Any error arising from a district court's decision to admit evidence is subject to a harmless error analysis. United States v. Shirley, 884 F.2d 1130, 1132 (9th Cir.1989).
 
 
 24
 Prior statements of a party-opponent are admissible under Rule 801(d)(2) of the Federal Rules of Evidence as nonhearsay when they are offered against that party. Fed.R.Evid. 801(d)(2). Relevant evidence may be excluded under Rule 403 if its probative value outweighs the danger of unfair prejudice. Fed.R.Evid. 403.
 
 
 25
 Here, Atwood's transcribed statements were admitted against him. Therefore, they are admissions of a party opponent and should not be excluded as hearsay. We find no merit in Atwood's argument the district court should have limited admission of these statements to the purpose of impeachment. Further, the record shows the transcribed statements contained probative evidence relating to Atwood's actions before, during, and after throwing the switch; his medical treatment; work history; and lifestyle. Assuming the truth of Atwood's contention that "none of that information was inconsistent with his trial testimony," no prejudice would be involved in submitting these statements to the jury. Because any error that might have arisen from the admission of Atwood's transcribed statements is harmless, we hold the district court did not abuse its discretion.
 
 Jury's Failure to Award Future Lost Wages
 
 26
 Atwood finally contends there was evidence of future lost wages and the jury's failure to award those damages requires a new trial. A motion for a new trial is properly granted only when the verdict is "clearly and decidedly or overwhelmingly" against the weight of the evidence." Locke v. Atchison, T. & S.F. Ry., 309 F.2d 811, 817 (10th Cir.1962). We review a district court's decision on a new trial motion only for abuse of discretion. Patty Precision Prods. Co. v. Brown & Sharpe Mfg. Co., 846 F.2d 1247, 1251 (10th Cir.1988).
 
 
 27
 Here, the record shows there was ample evidence supporting the jury's verdict that Atwood's alleged future wage loss was not a result of Union Pacific's negligence. Atwood testified that he felt he "pulled a muscle or something minor" the day of his accident. He worked a full day, went deer hunting that weekend, and continued to work full time for a month following the accident before seeking medical treatment. Despite the "jab" Atwood felt in his back when he first threw the switch the day of the accident, he testified he threw the switch five or six more times that day.
 
 
 28
 Further, Atwood only was disqualified by his doctor from performing heavy work that requires lifting, twisting, and turning. Atwood's vocational rehabilitation expert testified that Atwood has an above average ability to learn and good mechanical abilities. She also testified Atwood did not appear motivated to find alternative employment or retrain in an another vocation. At the time of trial, Atwood was not employed. Because we cannot conclude from the record the evidence was overwhelmingly against the verdict, we hold the district court did not abuse its discretion in denying Atwood's motion for a new trial.
 
 
 
 *
 The Honorable Howard C. Bratton, Senior United States District Judge for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3