**Ikechi Morhans NGUMOHA, Plaintiff,**

v.

**UNITED PARCEL SERVICE, Defendant.**

**No. 90–1815C(3).**

United States District Court, E.D. Missouri, E.D.

March 9, 1992.

Ikechi Morhans Ngumoha, pro se.

David W. Welch, Robert A. Kaiser, Lashly & Baer, St. Louis, Mo., for defendant.

## ORDER

HUNGATE, District Judge.

This matter is before the Court on plaintiff's motion for retrial, to which defendant has filed a timely opposition, and defendant's bill of costs, to which plaintiff has filed a timely response. Also before the Court is plaintiff's application for appointment of counsel.

After a two-day trial before the Court sitting without a jury, the Court entered judgment in favor of defendant by an order and memorandum filed January 7, 1992. Although the Court has entertained no motion from plaintiff's retained counsel seeking leave to withdraw, plaintiff, acting pro se, filed a "motion for retrial" on January 21 and an application for appointment of counsel on January 23. Thereafter, on February 7, 1992, plaintiff's counsel filed a response to defendant's bill of costs. Although the Court will direct plaintiff to address the Court through counsel, the Court considers the motion on its merits.

Plaintiff's motion is predicated on the existence of "new evidence" which is outlined at some length in the motion. The "new evidence" consists of conclusory statements of fact contrary to the facts found by the Court at trial, assertions which go only to impeaching the credibility of certain witnesses at trial, and support (some factual or documentary and some merely argumentative) for contentions not material to the Court's conclusions of law and the outcome of the case.

As the defendant correctly points out:

To justify a motion for new trial, the movant must show: (1) that the evidence is actually "newly discovered," that is, discovered subsequent to trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative and that a new trial would probably produce a different result.

*Birchem v. Burlington Northern R. Co.*, 812 F.2d 1047, 1050 (8th Cir.1987) [citation omitted]. Furthermore, "[t]he motion is addressed to the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion." *Id.* As the Court has earlier indicated, because of the nature of the asserted "new evidence," plaintiff has failed to establish the third of the three required elements. Plaintiff's motion neglects entirely to attempt a show-

ing of the first two elements. Nonetheless, looking beyond the four corners of the pro se motion in an attempt to construe it with appropriate liberality, the Court can fairly conclude that much of the "evidence" on which the motion is based was not discovered subsequent to trial; many of the assertions made concern events of which plaintiff would have had personal knowledge prior to trial.

 For the foregoing reasons, plaintiff's pro se motion for retrial is denied. The Court further denies plaintiff's application for appointment of counsel, given that plaintiff's retained counsel has not withdrawn and that, after the Court's ruling this day, there remain no pending matters in the action.

Lastly, the Court addresses defendant's bill of costs and plaintiff's opposition thereto. Defendant seeks $1,204.58 for fees and disbursements for witnesses and $18.45 for copies of papers necessarily obtained for use in the case, for a total of $1,223.03. Plaintiff's response does not dispute that the amounts claimed are well documented by the exhibits to the bill of costs and are appropriate for taxation under 28 U.S.C. § 1920. Rather, plaintiff's response argues that "plaintiff ... feels that he brought forth a legitimate cause of action," and that plaintiff "has suffered greatly from the Defendant's mistreatment," and asks that the Court "dismiss this action for cause." Such arguments are not appropriate grounds for objection to the bill of costs. Construing plaintiff's "answer to memorandum for defendant's bill of costs" as objections to the bill of costs, the Court overrules the objections and taxes plaintiff with the costs sought by defendant.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's pro se motion for retrial is denied.

IT IS FURTHER ORDERED that plaintiff's application for appointment of counsel is denied.

IT IS FURTHER ORDERED that plaintiff's "answer to memorandum for defendant's bill of costs" is construed as objec-

tions to the bill of costs, and the objections are overruled.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant's costs in the amount of $1,233.03 are hereby taxed against plaintiff and included in the Court's judgment in favor of defendant entered January 7, 1992.