966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
In re: Chester CALVERT; Melinda Calvert, Debtors.
Chester CALVERT; Melinda Calvert, Appellants,
v.
Larry MCENTIRE, doing business as Like-Nu Body Shop, Appellee.
A.L. TENNEY, Trustee, Trustee.
 No. 91-3815.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 15, 1992.
Filed: June 22, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Chester and Melinda Calvert appeal from the district court's[1] affirmance of the bankruptcy court's[2] denial of their motions for turnover of a van and for a new trial. We affirm.
 
 
 2
 The Calverts contracted with Larry McEntire to purchase a van in installments. After the Calverts fell behind on their payments, McEntire regained possession of the van. The parties disputed how McEntire obtained the van: the Calverts claimed that he had repossessed it, and that, because they subsequently filed for Chapter 13 protection, it should be turned over as an asset of the bankruptcy estate; McEntire contended that Mrs. Calvert had sold the van back to him in exchange for $400 in cash and forgiveness of the balance owed. When McEntire refused to voluntarily return the van, the Calverts initiated this action.
 
 
 3
 McEntire introduced into evidence an odometer disclosure statement, a certificate of title, and an assignment of title. Each of these documents contained a signature which read "Melinda Calvert." Mrs. Calvert admitted signing the odometer disclosure statement, but denied signing the other documents. The bankruptcy court found that there was not "one ounce of difference between [the] signatures." (Tr. at 78.) The court found Mrs. Calvert's denials incredible and denied the petition for turnover. The bankruptcy court also denied the Calverts' motion for a new trial to present an opinion obtained from handwriting experts. The district court affirmed.
 
 
 4
 The Bankruptcy Rules provide that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankruptcy Rule 8013. Findings of fact are clearly erroneous if the court's review of the record leaves a definite and firm conviction that a mistake has been made. See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). After careful review of the record, we conclude that the bankruptcy court did not clearly err in finding that Mrs. Calvert sold the van back to McEntire and that McEntire was the more credible witness.
 
 
 5
 We also conclude that the bankruptcy court did not abuse its discretion in denying the Calverts' motion for a new trial. Because the experts' opinion was inconclusive, we conclude that the Calverts failed to show "that a new trial would probably produce a different result." Birchem v. Burlington N. R.R. Co., 812 F.2d 1047, 1050 (8th Cir. 1987).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas