_____

No. 95-2892
_____

Sou-Hsiung Jack Chiu                     *
                                         *
                  Appellant,             *
                                         *  Appeal from the United States
     v.                                  *  District Court for the
                                         *  District of Minnesota.
Amy Kam-Ling Wong,                       *
                                         *        (UNPUBLISHED)
                  Appellee.              *

_____

Submitted: March 15, 1996

Filed: May 15, 1996
_____

Before FAGG, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.


     Sou-Hsiung Jack Chiu appeals from the district court's[1] affirmance of
the bankruptcy court's[2] order denying his post-trial motion to reopen the
judgment against debtor Amy Kam-Ling Wong.  Chiu sued Wong seeking a
constructive trust on her house.  Although the bankruptcy court initially
denied him relief, we reversed.  See Chiu v. Wong, 16 F.3d 306 (8th Cir.
1994).  The bankruptcy court held a trial and imposed a constructive trust
on the house on September 30, 1994.  Chiu then filed a motion asking the
court to amend its findings and judgment to compensate him for the rental
value of the property and for the amount of delinquent mortgage

_____

     [1]The Honorable Michael J. Davis, United States District Judge
for the District of Minnesota.

     [2]The Honorable Nancy C. Dreher, United States Bankruptcy Judge
for the District of Minnesota.

payments Wong owed on the property.  He also asked the court to reopen the judgment and receive new evidence.  He wanted to prove that Wong had dissipated the value of the house by failing to make mortgage payments. He also sought to show he was entitled to the rental value of the house. The bankruptcy court denied the motion, and the district court affirmed. We affirm the district court.

The district court held that Chiu had made no record at trial to support a judgment against Wong for the rent and mortgage payments.  The court stated:

> Judge Dreher denied the motion because there was nothing in the record to warrant the amendment; the bankruptcy court refused to `slam this woman with a $48,000 judgment based on no record and based on no pleadings on remand.'
>
> . . . .
>
> The critical issue in this case is the absence of any litigation concerning the damages sought here.  As Judge Dreher recognized, [Chiu's] prayer for relief only concerned the imposition of a constructive trust; there was no pleading or proof offered concerning the recovery of an additional $48,000.

The district court stated that the record was "bereft of evidentiary support" for Chiu's position.  Chiu has filed one page of trial transcript in his appendix before this Court.[3]  That testimony is not detailed enough to support his request for $48,000, since it establishes only that Wong lived in the house at the time of trial and that she had missed about twenty mortgage payments.  It does not establish a rental value for the house.  Nor does it show what proportion of the mortgage payments were principal and what interest, which would be necessary to show to what extent the missed mortgage payments dissipated the value or

---

[3]Chiu has also filed an affidavit of his attorney, which was not part of the record before the trial court.  Wong has moved to strike the affidavit as a matter outside the record, citing Fed. Rule App. Proc. 10(a).  We grant Wong's motion.

simply failed to add to it.  Since Chiu has not presented us a record sufficient to support his proposed findings, we cannot conclude the bankruptcy court erred in refusing to enter judgment against Wong for $48,000 in addition to the constructive trust.

Chiu also asked leave to amend his pleadings.  Since he failed to prove facts sufficient to permit the court to enter judgment for him, amending his pleading could not help him.  The bankruptcy court did not err in denying his motion.

Chiu also asked to reopen the record under Bankruptcy Rules 9023 and 9024 (incorporating Federal Rules of Civil Procedure 59 and 60) to take additional testimony on the rental and mortgage payment issues.  Such a motion is addressed to the sound discretion of the trial court.  <u>Baxter Int'l, Inc. v. Morris</u>, 11 F.3d 90, 92 (8th Cir. 1993) (Rule 60(b)(2)); <u>Birchem v. Burlington Northern R. Co.</u>, 812 F.2d 1047, 1050 (8th Cir. 1987) (Rule 59).

Chiu's attorney stated at oral argument that his motion was based on Wong's testimony at the remand trial that she had missed mortgage payments and had lived in the house.  This evidence was not in any sense newly discovered after trial.  If the evidence is not newly discovered, the movant is not entitled to Rule 59 or 60(b)(2) relief for newly discovered evidence.  <u>Baxter Int'l</u>, 11 F.3d at 92; <u>Birchem</u>, 812 F.2d at 1050.

The bankruptcy court did not abuse its discretion in refusing to reopen Chiu's case.  We affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.