Present:  All the Justices

NORFOLK SOUTHERN RAILWAY COMPANY

v.  Record No. 982682   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                          November 5, 1999
KENNETH LEE THOMAS, SR.


             FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                        Jonathan M. Apgar, Judge


     In this appeal of a judgment in an action brought under the

Federal Employers' Liability Act (the FELA), 45 U.S.C. §§ 51-60,

we consider whether the trial court erred in refusing to

instruct the jury on an issue of contributory negligence.

     In August 1995, Kenneth Lee Thomas, Sr., allegedly injured

his back while working as a student mechanic for Norfolk &

Western Railway Company (the railway).[*]  When the incident

occurred, Thomas was employed on the second shift in the

railway's car repair shop in Roanoke (the shop) where hopper

cars used for carrying coal were dismantled, reconditioned, and

reassembled.  As part of this procedure, employees in the shop

removed each car's wheel assemblies, which weighed about three

to four tons each, reconditioned them, and lowered them by crane

_____

      [*]Following the trial of this action, Norfolk & Western
Railway Company merged with Norfolk Southern Railway Company.
The trial court substituted Norfolk Southern Railway Company in
the place of Norfolk & Western Railway Company in its final
order.  The term "the railway" will be used in this opinion to
refer to either entity.

back into place.  Thomas's duties included guiding and aligning the reconditioned wheel assemblies during this process.

One evening, after working for about an hour and a half on a floor area that was slippery from accumulated work debris, Thomas slipped while guiding a reconditioned wheel assembly into place.  Thomas immediately felt a "stabbing" pain in his lower back and was taken by ambulance to the emergency room of a local hospital.  After receiving a variety of medical treatments over the course of two years, Thomas underwent spinal fusion surgery.

Thomas filed this action against the railway under the FELA, alleging, among other things, that the railway failed to provide a safe workplace.  In response, the railway denied that Thomas was injured and alternatively alleged that any injuries he may have sustained were caused by his own negligence.

At trial, the evidence established that the "burning" process, used by workers on the first shift when dismantling the wheel assemblies, caused a spray of molten metal particles, described as "slag," to fall on the shop floor.  The slag, which solidified after reaching the floor, left a slippery dust residue on the floor.  Thomas testified that "if you had a handful of salt and spread it on the [shop floor,] . . . [t]hat's basically [how] it felt."

There was evidence that bolts, rust particles, and other debris also fell onto the shop floor during both the first and

second shifts.  Thomas testified that due to these floor conditions, slipping was "a normal part of the day," and that he would slip frequently when guiding the reconditioned wheel assemblies as they were lowered by crane.

At the time Thomas was injured, the railway had in effect a safety regulation, which provided that "[e]mployees must keep premises subject to their control neat and clean."  The evidence showed that the railway had placed brooms and shovels at Thomas's work station.  When asked whether employees were supposed to clean their work area at any particular time during their shift, William J. East, the senior general foreman in the shop, testified that the employees were given "discretion" in determining when their work areas needed to be cleaned.  Thomas and his co-worker, David Atkins, testified that they understood that the railway's policy was that they were expected to clean their work area only at the end of their shift.

Various witnesses testified that workers on the second shift frequently complained to the railway that employees on the first shift had failed to clean the shop floor.  Atkins testified that, in January 1995, he filed a written safety complaint informing the railway of this problem.  In response to Atkins's complaint, the senior general foreman instructed the first shift supervisor to "insure work area is clean at end of shift."

3

Thomas testified that on the day he was injured, the first shift had not cleaned the shop floor in the area of his work station, and that he did not clean the floor at any time prior to his fall. Thomas explained that he had slipped on other occasions during his shift before the time he slipped and injured his back, including instances while working on the same wheel assembly.

At the close of the evidence, the trial court granted Thomas's motion to strike the railway's evidence of contributory negligence and refused the railway's proffered jury instructions on that issue. The court ruled that the evidence was insufficient to submit this issue to the jury, because the railway's senior general foreman had testified that an employee was given discretion in exercising his duty to keep his work station clean during his shift. In support of its ruling, the court also noted that the railway had failed to present evidence "as to what an abuse of that discretion or a negligent failure to act on that discretion would be."

The jury returned a verdict in favor of Thomas and awarded him $1.5 million in damages. The trial court entered judgment on the jury's verdict.

On appeal, the railway argues that the evidence at trial presented an issue of contributory negligence for the jury's determination. The railway contends that this issue was

4

supported by the evidence that each employee had a duty to keep his work area clean, and that Thomas failed to use the brooms and shovels provided by the railway to clean his floor area despite his knowledge that the floor was slippery.

In response, Thomas asserts that the railway failed to produce any evidence from which a jury could have concluded that Thomas was guilty of contributory negligence. He contends that there was no evidence establishing that he violated any duty, or that he acted unreasonably under the circumstances. Thomas contends that the railway's evidence presented only an issue of assumption of the risk, a defense that is not permitted under the FELA. We disagree with Thomas's arguments.

In deciding this appeal, we apply federal decisional law, because the issue whether negligence, or contributory negligence, has been established under the FELA is a federal question. See Norfolk S. Ry. v. Trimiew, 253 Va. 22, 24, 480 S.E.2d 104, 106, cert. denied, 520 U.S. 1265 (1997); Norfolk & W. Ry. v. Hodges, 248 Va. 254, 260, 448 S.E.2d 592, 595 (1994). Since the defense of assumption of the risk has been abolished under the FELA, a federal question also is presented in determining whether evidence relates solely to assumption of the risk and, thus, cannot support a jury instruction on contributory negligence. See Hose v. Chicago Northwestern Transp., 70 F.3d 968, 978 (8th Cir. 1995); Fashaeur v. New

5

Jersey Transit Rail Operations, 57 F.3d 1269, 1279-80 (3rd Cir. 1995); Birchem v. Burlington N. R.R., 812 F.2d 1047, 1049 (8th Cir. 1987).

A defendant has the burden of proving contributory negligence and is entitled to a jury instruction on this issue if there is any evidence to support that theory. Hose, 70 F.3d at 978; Gish v. CSX Transp., Inc., 890 F.2d 989, 992 (7th Cir. 1989); Taylor v. Burlington N. R.R., 787 F.2d 1309, 1316 (9th Cir. 1986). The fact that an employee may have been guilty of contributory negligence does not bar him from recovering damages under the FELA for the employer's negligence, but the damages shall be reduced by the jury in proportion to the amount of negligence attributable to the plaintiff employee. 45 U.S.C. § 53; Hodges, 248 Va. at 262, 448 S.E.2d at 596; Norfolk S. Ry. v. Rayburn, 213 Va. 812, 816, 195 S.E.2d 860, 864 (1973). Since issues of the plaintiff's conduct and of damages usually are interwoven in FELA actions, the issue of damages is rarely submitted to a jury without also allowing the jury to consider the question of contributory negligence. See Hodges, 248 Va. at 262, 448 S.E.2d at 596; Norfolk S. R.R. v. Ferebee, 238 U.S. 269, 273 (1915).

Although there may be overlapping evidence pertinent to both the defense of contributory negligence in a FELA action and the abolished defense of assumption of the risk, there are

6

important distinctions between the two theories that have been addressed by the federal courts. Assumption of the risk consists of a plaintiff's implicit consent to known risks and dangers necessary to the performance of his duties when he undertakes a routine assignment in compliance with the directives of his employer. Fashaeur, 57 F.3d at 1278; Taylor, 787 F.2d at 1316; Rivera v. Farrell Lines, Inc., 474 F.2d 255, 257 (2d Cir.), cert. denied, 414 U.S. 822 (1973). In contrast, contributory negligence is a careless act or omission by the plaintiff that tends to add new dangers to conditions that the employer negligently created or allowed to exist. Taylor, 57 F.3d at 1316; see also Gish, 890 F.2d at 991-92; Birchem, 812 F.2d at 1049; Rivera, 474 F.2d at 257; Hodges, 248 Va. at 262, 448 S.E.2d at 596.

Evidence of contributory negligence cannot be excluded from a jury's consideration merely because that evidence may also be relevant to assumption of the risk. Hose, 70 F.3d at 978; Beanland v. Chicago, Rock Island & Pac. R.R., 480 F.2d 109, 116 n.5 (8th Cir. 1973); Murray v. New York, New Haven & Hartford R.R., 255 F.2d 42, 44 (2d Cir. 1958); see Sauer v. Burlington Northern R.R., 106 F.3d 1490, 1496 (10th Cir. 1996). However, when evidence relates solely to assumption of the risk, such evidence cannot support a jury instruction on contributory negligence. Hose, 70 F.3d at 978; see Birchem, 812 F.2d at

7

1049; Taylor, 787 F.2d at 1316. Thus, a plaintiff's damage award under the FELA cannot be reduced on the basis that he or she implicitly consented to the risks inherent in the employment by performing a task in the manner directed by the employer. Fashaeur, 57 F.3d at 1279; see Birchem, 812 F.2d at 1049; Taylor, 787 F.2d at 1316.

When there are reasonable alternatives to performing a task in an unsafe way, a plaintiff must act with due care and will be held responsible for acting unreasonably. Combs v. Norfolk & W. Ry., 256 Va. 490, 498, 507 S.E.2d 355, 360 (1998); Fashaeur, 57 F.3d at 1280. Thus, an issue of contributory negligence is presented based on evidence that an employee failed to follow a specific safety instruction reasonably imposed to protect the employee from the injury that occurred. Fashauer, 57 F.3d at 1280; see Kendrick v. Illinois Cent. Gulf R.R., 669 F.2d 341, 343-44 (5th Cir. 1982); Chesapeake & O. Ry. v. Richmond, 217 Va. 258, 263-64, 227 S.E.2d 707, 711-12 (1976).

In the present case, the railway presented evidence that Thomas failed to follow the specific safety instruction that "employees must keep premises subject to their control neat and clean." Thomas knew that the floor in his work area was slippery and actually had slipped earlier during his shift while working on the same wheel assembly. Nevertheless, he did not

clean his work area with a broom that the employer had placed at his work station for his use.

The fact that employees were given "discretion" in determining when their work areas needed cleaning did not excuse Thomas from the duty to use reasonable methods provided by the employer as an alternative to performing a task in an unsafe manner. See Combs, 256 Va. at 498, 507 S.E.2d at 359; Fashaeur, 57 F.3d at 1280. Thomas was still required to exercise reasonable care for his own safety, and the question whether any portion of his injury was attributable to his own acts or omissions should have been decided by the jury. See Sauer, 106 F.3d at 1496; Martinez v. Union Pac. R.R., 82 F.3d 223, 229 (8th Cir. 1996); Hodges, 248 Va. at 262, 448 S.E.2d at 596.

Thomas's acts or omissions at the time he was injured were evidence of contributory negligence under the FELA, and not solely evidence of assumption of the risk, because they would support a conclusion that he caused dangers that were additional to any hazardous conditions that the railway may have caused or permitted to exist. See Gish, 890 F.2d at 991-92; Birchem, 812 F.2d at 1049; Taylor, 787 F.2d at 1316; Hodges, 248 Va. at 262, 448 S.E.2d at 596. Therefore, we hold that the trial court erred in striking the railway's evidence of contributory negligence and in refusing to submit the issue to the jury for its determination.

For these reasons, we will reverse the trial court's judgment and remand the case for a new trial on all issues consistent with the principles expressed in this opinion.

Reversed and remanded.