David A. HALL, Appellant,

v.

CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, Respondent.

No. C7-84-358.

Court of Appeals of Minnesota.

Nov. 6, 1984.

John W. Carey, Rerat Law Firm, Minneapolis, for appellant.

Eric J. Magnuson, Mary W. Mason, Roger R. Roe, Jr., Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

Hall appeals from the denial of his post-verdict motions for new trial or for judgment n.o.v. Hall brought this Federal Employer's Liability Act action for injuries allegedly received while working for the respondent Railroad. The jury found that the Railroad and Hall were each negligent, but that neither party directly caused Hall's injuries. We affirm.

## FACTS

Hall brought this personal injury action under the Federal Employers Liability Act, 45 U.S.C. §§ 51–60 (1976), alleging that the Railroad was negligent by allowing replacement ties to be placed too close to the area in which he worked. A Railroad safety rule indicated that the ties should be moved six feet from the track. The evidence was that the ties were closer. Hall claims that on October 26, 1978, he was unable to stand properly due to the location of the ties and that, as a result, when the head broke off a spike he was pulling, he fell back and landed on a tie. He claims that this caused injury to his back. Hall was part of a four-man crew. None of the others saw him fall. When he first reported the injury, he did not indicate that he fell on a tie. He never indicated that he

lost his balance due to the placement of ties.

Hall was quite obese, both at the time of the accident and at the time of trial. He had seen several doctors in the years subsequent to his work on the Railroad. Apparently most doctors could not detect anything wrong with Hall's back, and suggested that he return to work. Hall never did return to work. Through cross-examination, Hall was depicted as someone who spends his days shuttling between a refrigerator, the TV, and bed. There was evidence that he was addicted to prescribed painkillers. There was evidence that he had injured his back in several other "slip and fall" situations both prior to and after the purported Railroad incident.

The matter was tried to a jury which found that both Hall and the Railroad were negligent, but neither was a direct cause of the injuries. The jury determined damages at $50,000. The court rejected Hall's posttrial request for judgment n.o.v. or for new trial.

### ISSUES

1. Did the court properly admit evidence of a railroad safety rule concerning the proper stance of a spike puller?

2. Did the court properly deny Hall's motion for directed verdict on contributory negligence?

3. Was it consistent for the jury to find the parties negligent, but not causally negligent?

### ANALYSIS

■ 1. Irrelevant evidence ought to be excluded, but its admission may serve as a basis for new trial. Minn.R.Civ.P. 59.01(6). The questionable evidence regards safety rules 215 and 216 as follows:

when pulling track spikes, the hands and feet must be placed as shown in figures nos. 4, 5 and 6.

Never stand on or straddle a bar or lever of any type when in use.

■ Hall's attorney objected to the admission of this evidence at trial on grounds of relevance. In fact, the evidence was pertinent. Plaintiff's complaint states that the Railroad "failed to devise, implement and enforce a safe procedure for the performance of the work." Rules 215 and 216 are directly relevant to whether the Railroad devised a safe procedure for pulling spikes.

■ 2. A directed verdict may be granted when the evidence unequivocally shows that a contrary verdict would have to be set aside. *Reinhardt v. Colton*, 337 N.W.2d 88, 94 (Minn.1983).

The FELA Act is drafted in terms of "contributory negligence," but is a pure comparative negligence statute:

In all actions * * * the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. * * *

45 U.S.C. § 53 (1976). After Hall's motion for directed verdict on contributory negligence was denied, the court accepted Hall's jury instructions on the issue.

■ There was evidence that Hall was instructed on the proper stance for pulling spikes. There was evidence that he stood improperly or used the crowbar improperly at the time he was injured. Had Hall stood according to the way he was instructed, perhaps he would not have fallen off balance when the spike head snapped. Thus, comparative negligence was a jury question.

■ 3. The special verdict will not be disturbed so long as the answers are reconcilable on any theory. *Hauenstein v. Loctite Corp.*, 347 N.W.2d 272, 275 (Minn. 1984). The jury could determine that the Railroad was negligent for leaving its ties too close to the track, but that, when Hall fell, he never hit a tie. In that case, the Railroad would be negligent but not causally so.

The jury could determine that Hall was negligent for maintaining an improper

stance at the time of the purported accident, but that this did not cause his damages. Hall was overweight. There was evidence of numerous other incidents both before and after the railroad accident which could have caused and aggravated his back condition. Obesity itself may have been a substantial cause of his back problem. The jury could also believe that Hall was addicted to the medication. This addiction would be motivation for complaining about a back injury.

### DECISION

1. Evidence pertaining to a railroad safety rule was relevant.

2. The comparative negligence of Hall was a jury question.

3. The verdict finding negligence but not causation was consistent.

Affirmed.