David D. NARUSIEWICZ, Appellant,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY,
Respondent.**

No. CO–86–321.

Court of Appeals of Minnesota.

Aug. 12, 1986.

John C. Boylan, Rerat Law Firm, P.A., Minneapolis, for appellant.

Ward Douglas Werner, Burlington Northern Railroad, St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This appeal is from an order filed in a Federal Employers Liability Act (FELA) action denying appellant's motion for a new trial following a jury verdict finding him 75% negligent. Judgment was entered against respondent railroad for 25% of appellant's total damages. We affirm.

## FACTS

Appellant David Narusiewicz injured his back the night of April 3, 1983, while on duty as a laborer for respondent Burlington Northern Railroad. Narusiewicz was respiking a switch in the railroad's Northtown yards after a locomotive had run through the switch.

When Narusiewicz reported for work on the third shift that night, he was assigned by his supervisor to respike the switch. Appellant told the supervisor it was not his job as a laborer to perform that task, but he was ordered to do it. Appellant testified he was told to take a sledgehammer out to do the respiking.

Appellant testified that the light in the switch yard was dim, the ground around the tracks oily and wet. He had not been instructed on how to respike a switch. His union representative testified the job did not fall within the work rules for laborers.

Appellant testified that when he went out to fix the switch, he found it bent up from the ground, with the spikes completely out of the ties. He had to wrestle the switch down while he pounded the spikes.

Appellant's supervisor, a manager and the shop superintendent at Northtown all testified that it was a relatively easy job to respike a switch. They testified it could often be done with just a ballpeen hammer, and required no special training. The supervisor and manager stated they had seen numerous switches that had been run through, but none had been pulled out of the ties in the manner described by appellant.

There was considerable testimony as to the nature of appellant's injury and its vocational consequences. A vocational psychologist testified as to appellant's vocational prospects and his lost earning capacity. At the time of the evaluation, appellant was earning $13,500 as an auto mechanic, compared to $20,000 a year at Burlington Northern.

The shop superintendent testified that appellant could work as a laborer in the yards even with the physical restrictions required as a result of the injury. The railroad argued that appellant, to mitigate his damages, should have returned to them

to seek re-employment with the proper restrictions.

The jury found the railroad to be 25% negligent and appellant 75% negligent, and assessed damages at $81,000. Appellant moved for a new trial, claiming errors of law in the instructions to the jury. Appellant challenged the court's instructions on contributory negligence, the employer's duty of care, causation, and mitigation of damages, and the refusal to give his requested instruction on a duty to furnish proper instruction to an employee.

## ISSUE

Did the trial court's instructions reflect errors of law requiring a new trial?

## ANALYSIS

### 1. Contributory negligence

Appellant contends the court erred in submitting contributory negligence to the jury because there was no evidence suggesting negligence on his part. He argues that the evidence pointed only to assumption of risk, which has been abolished as a defense in FELA actions.

Under FELA, an employee does not assume the risk if the injury results "in whole or in part" from the employer's negligence. 45 U.S.C.A. § 54 (1972). The employee's contributory negligence is considered, reducing the employee's recovery proportionately regardless of the percentage. 45 U.S.C.A. § 53 (1972).

Assumption of risk in a FELA case has been distinguished from contributory negligence as follows:

> *Under ordinary circumstances,* the knowledgeable acceptance by an employee of a dangerous condition when such acceptance is necessary for the performance of his duties is assumption of risk. Contributory negligence, on the other hand, implies a careless act or omission on the part of the servant superimposed upon the mere necessary acceptance of known conditions negligently created or permitted to exist by the employer.

*Mumma v. Reading Co.,* 247 F.Supp. 252, 256–57 (D.Pa.1965) (emphasis in original).

The railroad bears the burden of proving contributory negligence. *Borough v. Duluth, Missabe & Iron Range Ry. Co.,* 762 F.2d 66, 69 (8th Cir.1985). If no evidence is presented from which the jury could properly find a lack of due care on the part of the employee, it is fundamental error to instruct the jury on contributory negligence. *Wilson v. Burlington Northern, Inc.,* 670 F.2d 780, 782 (8th Cir.1982). The court in *Borough* quoted the following from *Dixon v. Penn Central Co.,* 481 F.2d 833, 837 (6th Cir.1973):

> [A] defendant is not entitled to reach the jury on an issue on which he bears the burden of proof on nothing but the incredibility of the plaintiff's testimony. Other evidence of the matter to be proved must be adduced.

If the evidence conclusively established that the railroad switch which appellant respiked was in the position described by him, an instruction on contributory negligence could not be justified. Appellant was not trained to perform a difficult respiking maneuver. *Cf. Hall v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.,* 357 N.W.2d 141, 143 (Minn.Ct.App.1984) (railroad employee instructed in proper stance and handling of crowbar in pulling spikes found contributorily negligent). The trial court's instructions, however, could not assume the credibility of appellant's testimony as to the position of the switch, which was contradicted by three witnesses who testified they had never seen a similar situation.

This testimony on the position of a run-through switch and the ease of respiking it was sufficient to take the issue of contributory negligence to the jury. The railroad could not be expected to produce direct evidence of the position of the run-through switch. From the evidence, appellant was the only one who saw its condition, since the damage was reported by the locomotive crew that ran it, and appellant fixed it. Appellant's supervisor inspected the switch later the same evening and not-

ed no signs of the degree of dislocation claimed by appellant. Photographs of the switch taken months after the incident were not conclusive.

Thus, the railroad did not rely solely on any incredibility in appellant's testimony. *Cf. Borough*, 762 F.2d at 69 (railroad presented no evidence showing that employee stepped off the moving train in other than the approved manner). Since the jury could have chosen to believe the testimony of the railroad's witnesses, there was evidence from which it could have concluded appellant was negligent in choosing the manner in which he respiked the switch. If the jury believed respiking was a relatively easy task, appellant's stance or manner of respiking was not a risk assumed in the performance of the job.

### 2. Duty of care and duty to instruct employee

Appellant contends the court erred in giving the railroad's requested instruction on the duty to provide a safe workplace, and in refusing his requested instruction on the duty to properly instruct an employee.

The trial court instructed the jury on the employer's duty to provide a safe workplace, as defined in *Brown v. Cedar Rapids & Iowa City Railway Co.*, 650 F.2d 159, 161 (8th Cir.1981):

[an employee must show] (1) an officer, employee or agent of the railroad was responsible, through negligence, for the presence of the unsafe condition; or (2) at least one of such persons had actual knowledge of its presence before the accident; or (3) the unsafe condition had continued for a sufficient length of time to justify the inference that failure to know about it and remove it was due to want of proper care.

■ This instruction did not place undue emphasis on the length of time the railroad was required to know of the defective switch. The instruction states the employee's burden in the alternative. The railroad had *actual* knowledge the switch had been run through; therefore, appellant was not required to show the condition had ex-

isted for any length of time. *Ingle v. Illinois Central Gulf Ry. Co.*, 608 S.W.2d 76, 81–82 (Mo.App.1980) (instruction on "constructive knowledge" was not error where evidence established the employer had actual knowledge of the proper method of removing a motor blower). Moreover, the presence of a dislodged switch would not establish an unsafe workplace under appellant's own theory of the case, which was that it was unsafe to send him out to respike the switch without proper instructions.

We can find no authority for the proposition that failure to give a specific instruction on the duty to instruct an employee is reversible error. *Cf. Lindauer v. New York Cent. Railway Co.*, 408 F.2d 638, 640 (2nd Cir.1969) (no error in instructing on duty of railroad to prescribe adequate procedures for its employees).

An instruction on the duty to instruct appellant may have over-emphasized his theory of the case. The railroad presented testimony that respiking was so simple that special training was not required. If this testimony were believed, no instructions to employees were required.

Appellant's testimony, if believed, established only that the severity of the dislocation of this particular switch required instructions. The railroad, however, was not shown to have knowledge, actual or constructive, that the switch was pulled so far out of the ties. A specific charge on the duty to instruct may have led the jury to infer it must credit appellant's testimony.

### 3. Causation

■ The trial court's use of the term "direct cause" in its general instruction on principles of corporate liability did not imply a higher standard of causation than required in a FELA action.

Under FELA, liability is imposed for the negligence of an employer if the employee's injury results "in whole or in part" from that negligence. 45 U.S.C.A. § 51 (1972). The court used the statutory language elsewhere in the instructions, as

well as the following language derived from *Rogers v. Missouri Pacific R.R. Co.,* 352 U.S. 500, 507–08, 77 S.Ct. 443, 449–50, 1 L.Ed.2d 493 (1957):

> For the purposes of this lawsuit, injury or damages [are] said to be caused or contributed to by an act or failure to act when it appears from a preponderance of the evidence in the lawsuit that the act or omission *played any part, no matter how small,* in bringing about or actually causing the injury or damage.

(Emphasis added).

The FELA standard dispenses with the "substantial factor" requirement of proximate cause, as well as other aspects of the common-law definition of proximate cause. *Dutton v. Southern Pacific Transportation,* 576 S.W.2d 782, 785 (Texas 1978). The court in *Dutton* held that the error in giving the common-law definition of proximate cause was not cured by an additional instruction on the FELA standard. *Cf. Funseth v. Great Northern Railway Co.,* 399 F.2d 918, 922–23 (9th Cir.1968) ("sparse version" of proximate cause instruction not reversible error where followed by *Rogers* instruction on FELA standard of causation). The solitary use of the term "direct cause," in the course of instructing the jury on principles of corporate liability, was not even a "sparse version" of proximate cause. Read as a whole, the instructions did not tend to confuse or mislead the jury by introducing notions of proximate cause.

### 4. *Mitigation of damages*

The trial court instructed the jury on the duty to mitigate damages by resuming gainful employment as soon as it is reasonable to do so. Appellant argues that respondent did not develop this issue sufficiently to justify an instruction.

▇ Appellant testified that a Burlington Northern rehabilitation worker told him the railroad had no work for him. The railroad did not directly rebut this testimony, but the shop superintendent testified appellant could work as a laborer with the physical restrictions resulting from the injury. The railroad, moreover, was not the only employment possibility appellant might be required to explore. Appellant was out of work for approximately a year and a half. There was sufficient evidence of his vocational indecision during this period to justify the instruction given.

### DECISION

The trial court did not err in its instructions to the jury.

Affirmed.