Randy J. JANKE, Appellant,

v.

**DULUTH & NORTHEASTERN RAILROAD CO.,**
Respondent.

No. C1-92-563.

Court of Appeals of Minnesota.

Aug. 25, 1992.

Review Denied Oct. 28, 1992.

Robert L. Lowe, Lowe, Schmidthuber & Lindell, Minneapolis, for appellant.

Frank Yetka, Rudy, Gassert, Yetka, Korman & Doran, Cloquet, Thomas W. Spence and Katherine T. Cavanor, Spence, Ricke & Thurmer, P.A., St. Paul, for respondent.

Considered and decided by RANDALL, P.J., and KALITOWSKI and KLAPHAKE, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Randy Janke brought an action against respondent Duluth & Northeastern Railroad Company under the Federal Employers' Liability Act (FELA) to recover damages for a work-related injury. The jury found respondent 25% negligent and appellant 75% negligent. Appellant claims the trial court erred in failing to instruct the jury that assumption of risk is not a defense under FELA. He also claims respondent presented no evidence of contributory negligence and therefore the court erred in denying his motion for judgment notwithstanding the verdict. Finally, he challenges the court's reduction of the jury's damages award.

## FACTS

Appellant began working for respondent in 1974 as a section laborer and subsequently became a welder. On April 11, 1985, appellant was preparing to weld the upper portion of a railcar. To reach this area, appellant had to use a portable ladder. Appellant testified that as he was pushing the ladder across the floor to the railcar, one of the ladder's wheels became stuck in a hole near the edge of the rail. Appellant said he felt a sharp pain in his lower back as the wheel became stuck. He stated he freed the ladder and continued working. He reported the injury to his supervisor the next day. The supervisor's report of the incident states "wheel caught in rail flange causing pain in lower back."

Appellant testified he had used the movable ladder many times. He stated the ladder often became caught in places on the floor. He testified he was familiar with the condition of the floor because he had worked in the same area for many years. He also testified the wheels of the ladder were inadequate for work in a railroad shop.

Appellant had injured his back at work on two previous occasions and had visited Dr. Frank Budd regarding the back injuries. Dr. Budd's examination revealed appellant has congenital spondylolisthesis (slippage of a vertebra). Prior to the April 11 incident, Dr. Budd had advised appellant to avoid heavy lifting and begin a weight reduction program. Appellant visited Dr. Budd again after the April 11 incident. In a letter to appellant, Dr. Budd told appellant to avoid heavy lifting, begin therapy and a weight reduction program. He also said appellant should request a light duty position at work.

Respondent offered appellant a light duty position and appellant returned to work. In June of 1985, appellant met with respondent's vice president. The parties dispute what occurred at this meeting. Appellant claimed he was fired essentially because of the light duty restriction while respondent's vice president testified appellant was asked to resign because he had walked off the job on several occasions. Appellant subsequently received disability benefits from the railroad retirement board and held various jobs including logging, electrical work and sign-making. At the time of trial, appellant worked for a fuel company delivering fuel oil.

In April of 1987, appellant initiated an action against respondent under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1988). Appellant alleged respondent was responsible for the April 11, 1985 back injury because respondent negligently failed to provide him with safe equipment and a safe place to work. The trial was held in October of 1991. By a special verdict, the jury found respondent 25% negligent and appellant 75% negligent. The jury further determined $52,744 would fairly compensate appellant for his injury ($42,744 for lost wages, $10,000 for pain and suffering and 0 for future loss). Appellant moved for a judgment notwithstanding the verdict or a new trial challenging the court's refusal to give an instruction on assumption of risk, the exclusion of the testimony of his experts and the court's reduction of the jury's damages award. The court denied appellant's post-trial motions. Appellant subsequently filed a notice of appeal from the judgment and the order denying the post-trial motions.

## ISSUES

1. Did the trial court abuse its discretion in refusing to instruct the jury that assumption of risk is not a defense in an action under the Federal Employers' Liability Act?

2. Did the trial court err in denying appellant's motion for judgment notwithstanding the verdict?

3. Did the trial court err in instructing the jury on the issue of damages?

## ANALYSIS

### I.

■ Appellant claims the trial court erred in failing to instruct the jury that assumption of risk is not a permissible defense in a FELA action. A trial court has broad discretion in determining what jury instructions to give. *State Farm Fire & Casualty Co. v. Short*, 459 N.W.2d 111, 113 (Minn.1990). A trial court's failure to give a requested instruction does not warrant a new trial if the general charge to the jury fairly and accurately states the applicable law. *Omnetics, Inc. v. Radiant Technology Corp.*, 440 N.W.2d 177, 181 (Minn.App.1989).

■ Under FELA, a railroad employee may recover damages for a work-related injury if the employer's negligence played any part in producing the injury. *Richardson v. Missouri Pacific R.R.*, 677 F.2d 663, 665 (8th Cir.1982). FELA provides that an employee shall not be held to have assumed the risks of his or her employment. 45 U.S.C. § 54 (1988). FELA also provides that although an employee's contributory negligence does not bar recovery, the employee's damages are to be diminished by the amount of the contributory negligence. 45 U.S.C. § 53 (1988).

■ Appellant argues the trial court should have specifically instructed the jury that FELA bars the defense of assumption of risk. Several federal courts have condemned the giving of an assumption of risk instruction because the instruction could obscure the issues in the case or create confusion regarding the issue of contributory negligence. *Clark v. Burlington N., Inc.*, 726 F.2d 448, 452 (8th Cir.1984); *Heater v. Chesapeake & Ohio Ry.*, 497 F.2d 1243, 1249 (7th Cir.), *cert. denied* 419 U.S. 1013, 95 S.Ct. 333, 42 L.Ed.2d 287 (1974). The court in *Heater* noted that an assumption of risk instruction "is a confusing, negative statement" which refers to issues not involved in a FELA case. *Heater*, 497 F.2d at 1249. Although the court

determined the giving of the instruction did not constitute reversible error, the court warned that trial courts should not give instructions regarding assumption of risk. *Id.*

Appellant maintains respondent implicitly raised the defense of assumption of risk and therefore a cautionary instruction on FELA's elimination of this defense was necessary. We disagree and conclude the trial court properly refused to give appellant's requested instruction on assumption of risk. Respondent did not raise or argue assumption of risk as a defense at trial. Assumption of risk thus was not directly in issue in the case, and the court did not abuse its discretion in refusing to give appellant's requested instruction.

■ Appellant also claims the court erred in submitting the issue of contributory negligence to the jury. Appellant did not object to the contributory negligence instruction at trial. Further, respondent was entitled to a contributory negligence instruction if there was any evidence to support a contributory negligence theory. *Birchem v. Burlington N. R.R.*, 812 F.2d 1047, 1049 (8th Cir.1987). As discussed below, we conclude there was evidence indicating appellant did not exercise due care in moving the ladder. The court therefore did not err in submitting the issue of contributory negligence to the jury.

## II.

■ Appellant challenges the trial court's denial of his motion for judgment notwithstanding the verdict. The standard for reviewing a denial of a JNOV motion is whether there is any competent evidence reasonably tending to support the verdict. *Seidl v. Trollhaugen, Inc.*, 305 Minn. 506, 507, 232 N.W.2d 236, 239 (1975).

■ Appellant claims there was no evidence to support the jury's finding that he was 75% negligent. We disagree. Although the evidence of appellant's negligence was not substantial, we conclude there was sufficient evidence to support the jury's finding. The testimony at trial established that appellant had a back condi-

tion and previous back injuries and had been advised to avoid heavy lifting. Appellant testified he previously had difficulty in moving the ladder. He acknowledged he could have requested assistance in moving the ladder but chose not to do so. Appellant's co-worker testified he was available to assist appellant in moving the ladder. The jury reasonably could have concluded from the evidence that appellant's failure to request assistance and the manner in which he moved the ladder indicated a lack of due care. Accordingly, the trial court did not err in denying appellant's motion for judgment notwithstanding the verdict.

## III.

■ The jury determined appellant suffered damages amounting to $52,744. The trial court awarded appellant damages of $5,986. The court apparently reduced the jury's award by 75% to reflect appellant's contributory negligence and by $7,200 to reflect a statutory lien. Appellant argues the trial court should not have reduced the damages to reflect his contributory negligence because the court had instructed the jury to do so.

The trial court instructed the jury as follows:

Section 3 of the Federal Employers' Liability Act provides, in part, that: "In all actions brought against any common carrier by railroad to recover damages for personal injuries to an employee, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the *damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.*"

So if you should find from a preponderance of the evidence in the case that the defendant was guilty of negligence which caused, in whole or in part, any injury or damage to the plaintiff; and should further find from a preponderance of the evidence in the case that the plaintiff himself was guilty of some contributory negligence which contributed toward bringing about all or part of his own injury, then *the total award of*

*damages to the plaintiff must be reduced by an amount equal to the percentage of fault or contributory negligence chargeable to the plaintiff.*

(Emphasis added.)

The trial court thus told the jury that it must reduce appellant's damages by the amount of his contributory negligence. The special verdict form, however, essentially told the jury to ignore any contributory negligence in awarding damages. The special verdict form asked the jurors to apportion negligence between appellant and respondent. The form then provided "[r]egardless of your answers to or handling of the above questions and regardless of fault or negligence * * * what sum of money will fairly and adequately compensate [appellant]."

A trial court commits reversible error by giving inconsistent and contradictory instructions on a material issue. *Dalager v. Montgomery Ward & Co.*, 350 N.W.2d 391, 395 (Minn.App.1984). In this case, the trial court's instructions on damages and the damages portion of the special verdict form were inconsistent and confusing. The court, quoting FELA, instructed the jury to reduce appellant's damages by the amount of his contributory negligence. The special verdict form then told the jury not to consider negligence in determining damages. The record does not indicate how the jury arrived at its damages award or whether the jury considered appellant's negligence in making the award. We cannot discern whether the jury followed the court's instruction to reduce damages or whether, as the special verdict form directs, the jury did not consider negligence in determining the amount of damages.

We conclude that because the instructions on damages were inconsistent and contradictory, a new trial on damages is required. We therefore reverse the trial court's judgment as to damages and remand for a new trial on the damages issue only.

### DECISION

The trial court did not abuse its discretion in declining to instruct the jury that an employee in a FELA action does not assume the risks of his or her employment. The court also did not err in denying appellant's motion for judgment notwithstanding the verdict. The court erred in instructing the jury on the issue of damages. We therefore remand for a new trial limited to the issue of damages.

*Affirmed in part, reversed in part and remanded.*