*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1100**

William Nichols,
Respondent,

vs.

Soo Line Railroad d/b/a C. P. Railway, a corporation,
Appellant.

**Filed February 22, 2016
Reversed and remanded
Larkin, Judge**

Hennepin County District Court
File No. 27-CV-14-478

Fredric A. Bremseth, Christopher J. Moreland, Keith E. Ekstrom, Bremseth Law Firm, P.C., Minnetonka, Minnesota (for respondent)

Timothy R. Thornton, Jonathan P. Schmidt, Briggs and Morgan, P.A., Minneapolis, Minnesota; and

Brian D. Stofferahn, Emily Atkinson, Sweeney & Masterson, P.A., St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Rodenberg, Judge; and Hooten, Judge.

**UNPUBLISHED OPINION**

**LARKIN**, Judge

In this case brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60 (2012), appellant challenges the district court's grant, in favor of respondent, of judgment as a matter of law (JMOL), which set aside a jury determination that respondent was contributorily negligent. Because the jury verdict is not manifestly against the evidence, we reverse and remand.

## FACTS

Respondent William Nichols worked for appellant Soo Line Railroad for more than 30 years in a job that required "heavy lifting and other strenuous activities." In 2009, Nichols took a medical leave of absence due to pain in his left hip, underwent surgery to replace his hip, and did not return to his job with Soo Line. In June 2012, Nichols sued Soo Line, alleging that it failed to provide a safe workplace and was negligent under FELA. Soo Line denied liability and asserted an affirmative defense, claiming that Nichols's injuries were caused "either in whole or in part by [his] negligence in failing to take reasonable care for his own safety."

The case was tried to a jury over the course of five days. After Soo Line rested its case, Nichols moved for a directed verdict on the issue of contributory negligence, arguing that there was "no competent evidence that he did anything at all to make the situation worse or add an element of negligence that would properly be called [contributory negligence]." Soo Line argued in opposition that trial testimony raised the question of

whether Nichols "went ahead and did job tasks that he had actually been told to hold off on until additional laborers were available." The district court denied Nichols's motion.

The jury later returned a verdict, attributing 23.4% of the negligence to Soo Line and 76.6% to Nichols. The jury awarded Nichols $107,160 in damages for past loss of earnings and $50,000 for future pain and suffering.

Nichols moved the district court under Minn. R. Civ. P. 50.02 for JMOL regarding contributory negligence. The district court granted Nichols's motion, set aside the jury's verdict, and directed entry of judgment attributing 100% of the negligence to Soo Line. The district court reasoned: "There is no evidence in the record that could support a finding of contributory negligence—a reasonable factfinder would not have attributed any amount of negligence to Nichols."

Soo Line appeals.

## DECISION

If a party moves for JMOL after a jury returns a verdict, the district court may "(1) allow the judgment to stand, (2) order a new trial, or (3) direct entry of judgment as a matter of law." Minn. R. Civ. P. 50.02. "The jury's verdict will not be set aside if it can be sustained on any reasonable theory of the evidence." *Longbehn v. Schoenrock*, 727 N.W.2d 153, 159 (Minn. App. 2007) (quotation omitted). "Courts must view the evidence in the light most favorable to the nonmoving party and determine whether the verdict is manifestly against the entire evidence or whether despite the jury's findings of fact the moving party is entitled to judgment as a matter of law." *Id.* (quotation omitted). "JMOL is appropriate when a jury verdict has no reasonable support in fact or is contrary to law."

3

*Id.* Construing the evidence in the light most favorable to the verdict "does not mean that [courts] are precluded from actually examining the evidence to assess whether there is a sufficient basis for the jury's finding." *Kidwell v. Sybaritic, Inc.*, 784 N.W.2d 220, 229 (Minn. 2010). An appellate court reviews a district court's grant of JMOL de novo. *Longbehn*, 727 N.W.2d at 159.

"Under FELA, a railroad employee may recover damages for a work-related injury if the employer's negligence played any part in producing the injury." *Janke v. Duluth & Ne. R.R. Co.*, 489 N.W.2d 545, 547 (Minn. App. 1992), *review denied* (Minn. Oct. 28, 1992). "FELA provides that an employee shall not be held to have assumed the risks of his or her employment." *Id.* (citing 45 U.S.C. § 54 (1988)). "FELA also provides that although an employee's contributory negligence does not bar recovery, the employee's damages are to be diminished by the amount of the contributory negligence." *Id.* (citing 45 U.S.C. § 53 (1988)). "Contributory negligence is defined as a want of ordinary or reasonable care on the part of a person injured by the negligence of another, directly contributing to his injury as a proximate cause thereof, without which the injury would not have occurred." *Cormican v. Parsons*, 282 Minn. 94, 97, 163 N.W.2d 41, 44 (1968). "The railroad bears the burden of proving contributory negligence." *Narusiewicz v. Burlington N. R.R. Co.*, 391 N.W.2d 895, 897 (Minn. App. 1986).

Because our review is de novo, this court does not defer to the district court's analysis and must independently determine whether there is "any competent evidence reasonably tending to support" the jury's verdict. *Janke*, 489 N.W.2d at 548. Soo Line contends that the trial evidence supports the jury's determination that Nichols was

4

negligent. One of Soo Line's theories is that Nichols's job tasks sometimes required more than one person, Nichols asked for help in those situations, assistance was not always immediately available, supervisors told Nichols to do what he could without getting hurt, Nichols did not wait for assistance, and doing so contributed to his hip injury. The record evidence supports that theory.

Nichols testified that he worked alone "[a] lot of the times" and that on smaller jobs, other crew members "were working on other stuff, and they just didn't have the . . . resources to help me out a lot." Nichols stated that there were occasions when he would ask for assistance and was denied. He recalled one remodeling project when he asked for help installing steel siding but Soo Line "just didn't have the manpower to send anybody." He stated that Soo Line said, "[D]o what you can; don't get hurt." Regarding his response to that instruction, Nichols stated:

> Well, you know, that's fine, but, I mean, you could s[i]t there
> for a long time without somebody coming to help you, and you
> wanted to get the job done, so, you know, if somebody would
> be walking by or whatever, hey, can you hold this sheet up for
> a second while I get a nail in it or screw in it or whatever, and
> a lot of times—a lot of times they did, and there was a lot of
> times there wasn't anybody walking by, so—
> Q: So you just do it yourself?
> A: Do it yourself, yeah.

Similarly, when Nichols's attorney asked him how many times he asked for assistance and was denied, Nichols stated:

> [I]f you needed help and I guess you get shut down on the help
> end of it enough times, . . . I'll have to do it myself or, you
> know, try to beg somebody to—walking by again to, hey, can
> you hold this or this and that or whatever the case may be, but

5

. . . yeah, there was times that I asked for help and there was just none to be gotten, so just do what you got to do, you know.

Nichols's supervisor, Charles Phillips, testified that when Nichols asked for assistance, he told Nichols to wait until another crew was available and "don't start that project until I can schedule something when these guys are done working on the bridge." The jury reasonably could have concluded from the evidence that Nichols's failure to wait for assistance showed a lack of reasonable care.

Nichols argues that "[e]ven if it is assumed that [he] was negligent, there is no evidence that any negligence on his part caused his left hip injuries." The causation standard in FELA cases is "relaxed." *Gallagher v. BNSF Ry. Co.*, 829 N.W.2d 85, 95 (Minn. App. 2013) (quotation omitted). "A railroad carrier is liable if an injury resulted 'in whole or in part' from the carrier's negligence." *Id.* (quoting 45 U.S.C. § 51 (2006)). "If the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought, then the railroad carrier is liable." *Id.* (quotation omitted). The same causation standard applies to a railroad's negligence and a plaintiff's contributory negligence. *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 171, 127 S. Ct. 799, 808 (2007).

In arguing that there was no evidence of causation related to Soo Line's contributory-negligence defense, Nichols notes that none of the three doctors who testified opined that his failure to wait for assistance caused his injuries. Nichols also notes that Soo Line consistently refused to acknowledge that his working conditions caused his injuries. But Nichols's theory of the case was that his hip injury was caused by working

6

for the railroad for 30 years. The verdict indicates that the jury accepted that theory and attributed the majority of the responsibility for the injury to Nichols. Given the minimal standard for causation in FELA cases, the jury's verdict is not unreasonable.

Nichols also argues that Soo Line's contributory-negligence theory is an impermissible attempt to shift the risk of injury to an employee. Nichols equates Soo Line's position to an assumption-of-the-risk defense, which FELA precludes. *See* 45 U.S.C. § 54; *Janke*, 489 N.W.2d at 547. "The defenses of contributory negligence and assumption of risk are separate and distinct. The first involves the notion of carelessness, while the second does not." *Westcott v. Chicago Great W. RR. Co.*, 157 Minn. 325, 325, 196 N.W. 272, 272 (1923). In FELA cases, assumption of risk and contributory negligence are distinguished as follows:

> Under ordinary circumstances, the knowledgeable acceptance by an employee of a dangerous condition when such acceptance is necessary for the performance of his duties is assumption of risk. Contributory negligence, on the other hand, implies a careless act or omission on the part of the servant superimposed upon the mere necessary acceptance of known conditions negligently created or permitted to exist by the employer.

*Narusiewicz*, 391 N.W.2d at 897 (emphasis omitted) (quotation omitted).

Soo Line argued to the jury in closing:

> [T]here is this dispute of whether or not Mr. Nichols was told to wait for help and chose not to. And if you believe that to be true, that's negligence. He disobeyed his employer's instruction not to do the work, but to wait for help. And if you think that's true, then you have to put something in [the special-verdict form] for his negligence.

7

As the closing argument demonstrates, Soo Line did not argue that Nichols was injured by being required to accept dangerous conditions as part of his job.  Instead, Soo Line argued that Nichols carelessly performed some tasks alone, knowing that he needed assistance.  Moreover, the district court instructed the jury that assumption of the risk is not a viable defense, and we presume the jury followed that instruction.  *See Flatin v. Lampert Lumber Co.*, 298 Minn. 577, 580 n.3, 215 N.W.2d 783, 785 n.3 (1974) (stating that the jury is presumed to follow a district court's instructions).

In sum, there was enough evidence of Nichols's contributory negligence to present the issue to the jury.  The jury considered the evidence and determined that Nichols was negligent.  Viewing the evidence in the light most favorable to Soo Line, as we must, we cannot say that the verdict is manifestly against the evidence.  We therefore reverse the district court's grant of JMOL and remand for amended judgment consistent with this opinion.  *See Janke*, 489 N.W.2d at 548 (affirming denial of a plaintiff's motion for JMOL in a FELA case in which the jury found the plaintiff 75% negligent, even though "the evidence of [the plaintiff's] negligence was not substantial").

**Reversed and remanded.**